Roy POST, Petitioner–Appellant,

v.

Jerry D. GILMORE, Respondent–Appellee.

No. 96–4211.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 21, 1997.

Decided April 17, 1997.

Roy Post, Pontiac, IL, submitted Pro Se.

Rita M. Novak, Office of the Attorney General, Chicago, IL, for Respondent–Appellee.

Before CUMMINGS, EASTERBROOK, and KANNE, Circuit Judges.

PER CURIAM.

Roy Post, an inmate of the Pontiac Correctional Center in Illinois, lost a year's good time after a prison disciplinary committee concluded that he had attempted to escape. Contending that the hearing fell short of constitutional requirements, Post filed parallel actions in the district court. One, under 28 U.S.C. § 2254, sought a restoration of the good-time credits; the other, under 42 U.S.C. § 1983, sought damages for other penalties

(such as a year in segregation) simultaneously imposed by the disciplinary board. The district court entered an order in the § 2254 case reading:

> This Court has conducted a preliminary review of Mr. Post's Petition and has determined that the issues raised in the Petition are duplicative of issues raised by Mr. Post in his claim under 42 U.S.C. § 1983, Case No. 96–1254. Accordingly, Petitioner's Application to Proceed *In Forma Pauperis* [No. 3] is DENIED, Petitioner's Motion for Reconsideration of Filing Fee [No. 4] is DENIED, and the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 [No. 1] is DISMISSED.

The court did not give any other reason, and it did not further elaborate on this reason. Later the court denied Post's request for a certificate of appealability. We now issue a certificate of appealability and summarily reverse.

■ If one plaintiff files two suits arising out of the same transaction, but naming different parties or seeking different relief, a court should consolidate them, or perhaps defer handling one until the other has been resolved. Page's two cases· could not be completely consolidated: there are sound reasons for keeping § 1983 and § 2254 litigation distinct. *Moore v. Pemberton*, 110 F.3d 22 (7th Cir.1997). Still, they may easily be adjudicated in sequence—and the sequence should begin with the § 2254 claim. *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), holds that unless the order depriving a person of liberty has been set aside on collateral attack (or in some other way), a complaint about the events leading to the deprivation does not state a claim on which relief may be granted under § 1983. We concluded in *Miller v. Indiana Department of Corrections*, 75 F.3d 330 (7th Cir.1996), that *Heck's* rationale applies to prison discipline. So Post's § 1983 suit cannot succeed unless he first prevails on the very claim the court has dismissed. It is the § 2254 case that must proceed, the § 1983 case that must wait.

■ Whether *Miller* reached the right conclusion is a question presented in *Edwards v. Balisok*, certiorari granted, —— U.S. ——, 116 S.Ct. 1564, 134 L.Ed.2d 664 (argued Nov. 13, 1996). Even if the Supreme Court should disapprove *Miller*, it would not follow that a petition such as Post's may be delayed or dismissed. It challenges the duration of his confinement and therefore is a proper collateral attack whether or not a damages action may proceed concurrently. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Graham v. Broglin*, 922 F.2d 379 (7th Cir.1991); *Viens v. Daniels*, 871 F.2d 1328 (7th Cir.1989). Judges should resolve collateral attacks ahead of damages actions, for a § 2254 action may result in immediate release from custody (although, as it happens, Post's sentence is so long that he has many years to go even if all of his good time credits are reinstated). Liberty's priority over compensation is why 28 U.S.C. § 1657 specifies that requests for collateral relief go to the head of the queue, a sequence the district court here reversed.

■ When unusual circumstances make it imprudent to address the § 2254 petition immediately, the collateral attack should be stayed rather than dismissed. Relief under § 2254 is an equitable remedy in the sense that it would not have been treated as an action "at law" before the merger of law and equity, but a district judge may not remit petitioners to their other remedies, the way a judge may decline to issue declaratory relief. Like most civil actions, a petition under § 2254 is governed by the norm that a district court must exercise its full statutory jurisdiction. Compare *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817–18, 96 S.Ct. 1236, 1246–47, 47 L.Ed.2d 483 (1976), with *Wilton v. Seven Falls Co.*, —— U.S. ——, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). Under the 1996 amendment to 28 U.S.C. § 2244(d), a prisoner has only one year from the date the state appellate process ends to begin a collateral attack; time waiting for the conclusion of a § 1983 action is not among the periods that the statute excludes from the calculation. Dismissal of Post's action creates a substantial risk that refiling after the completion of the § 1983 case will be untimely. Cf. *Pratt v. Hurley*, 79 F.3d 601 (7th Cir.1996). What is more, because Post's petition was dismissed

rather than "returned" under Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts, an attempt to refile would require the approval of this court under the amended § 2244(b). See *Benton v. Washington,* 106 F.3d 162 (7th Cir.1996). None of the grounds on which such a second or successive petition may be filed is likely to apply. Thus, as a practical matter, the district court's order doomed any effort to reinstate the good time credits, which in turn scuttled the § 1983 action.

Certainly the district court did not intend to penalize prisoners by causing them to forfeit all claims—both collateral review and damages—as a penalty for filing overlapping cases. Yet that is the effect of the court's action, which we therefore vacate. The case is remanded for proceedings consistent with *Heck, Miller,* and this opinion.