139 F.3d 901
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lyle HUTCHINS, Plaintiff-Appellant,
v.
James M. SMITH et al., Defendants-Appellees.
 No. 96-3488.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 9, 1998*.
Decided Feb. 19, 1998.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. No. 3:93cv0642 AS Allen Sharp, Chief Judge.
 Before Hon. WILLIAM J. BAUER, Hon. JOHN L. COFFEY, Hon. DANIEL A. MANION, Circuit Judges.
 
 ORDER
 
 1
 Lyle Hutchins, an inmate currently incarcerated at the Indiana State Reformatory in Pendleton, Indiana, appeals the district court's dismissal of his 42 U.S.C. § 1983 action on the basis of Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In his complaint, Hutchins alleged violations of his rights under the Eighth Amendment, Thirteenth Amendment, and Fourteenth Amendment in connection with various disciplinary actions taken against him during his incarceration at Indiana's Westville Correctional Center ("Westville"). The case was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). Defendants moved for summary judgment on the basis of Heck, and the magistrate judge recommended that the motion be granted. Hutchins filed a notice of appeal in response to the magistrate judge's report and recommendation. The district court construed the notice of appeal as an objection, but nevertheless dismissed Hutchins's complaint without prejudice on the basis of Heck. We affirm.[1]
 
 
 2
 Hutchins contends that his Fourteenth Amendment procedural due process rights were violated in connection with various disciplinary actions taken against him. Specifically, he claims that the disciplinary actions taken against him were the product of bias; that he was subjected to arbitrary sanctions; that he was not permitted to present witnesses, physical evidence, or documents on his own behalf; and that prison officials failed to follow institutional and administrative policies and procedures. Based on these alleged deficiencies, Hutchins seeks money damages and the restoration of good time credits lost in the course of his disciplinary proceedings.
 
 
 3
 Heck holds that a prisoner's claim is not cognizable under § 1983 when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ... unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 U.S. at 487. This rule applies to judgments in prison disciplinary proceedings. See Edwards v. Balisok, 520 U.S. 641, ----, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997); Lusz v. Scott, 126 F.3d 1018, 1021 (7th Cir.1997); Stone-Bey v. Barnes, 120 F.3d 718, 721-22 (7th Cir.1997).
 
 
 4
 Hutchins's claims of biased hearing officers and inadequate procedural safeguards imply the invalidity of his disciplinary convictions and are therefore barred by Heck. See Edwards, 520 U.S. at ----, 117 S.Ct. at 1588 (claim challenging the hearing officer as biased necessarily implied the invalidity of that officer's judgment because "[a] criminal defendant tried by a partial judge is entitled to have his conviction set aside, no matter how strong the evidence against him"); Lusz, 126 F.3d at 1022-23 (prisoner's allegation that he was denied the opportunity to call witnesses at his disciplinary hearing implied the invalidity of his conviction, i .e., the revocation of his good-time credit); Miller v. Indiana Dep't of Corrections, 75 F.3d 330, 331 (7th Cir.1996) (challenge to the procedure denying prisoner good-time credits barred by Heck ).
 
 
 5
 Hutchins also challenges the punishment or "sentence" he received in connection with his disciplinary convictions. He contends that he was arbitrarily sanctioned, and that he is entitled to have his good time credits and credit class restored. Section 1983, however, is not the proper vehicle for bringing such claims. Because these claims attack the validity or lawfulness of the length of Hutchins's confinement, he must challenge these sanctions by seeking a writ of habeas corpus. See Wolff v. McDonnell, 418 U.S. 539, 554, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (citing Preiser v. Rodriguez, 411 U.S. 475, 494, 498-500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1972)); Post v. Gilmore, 111 F.3d 556, 557 (7th Cir.1997) (per curiam). To the extent that Hutchins seeks damages based on the alleged arbitrary sanctions, Heck requires that he first have the underlying disciplinary convictions set aside. See Walker v. Taylorville Correctional Ctr., 129 F.3d 410, 413 (7th Cir.1997) (Heck precludes a prisoner from "maintain[ing] a § 1983 action, whether for restoration of good time credits or for damages, if a judgment in his favor would necessarily imply the invalidity of the outcome of the disciplinary proceeding"). Thus, Hutchins's due process claims were properly dismissed by the district court.
 
 
 6
 Under Heck and Edwards, Hutchins's due process claims are not yet cognizable for purposes of a § 1983 action and were properly dismissed without prejudice. Accordingly, we AFFIRM the district court's judgment.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 Hutchins waived his right to appeal his Eighth and Thirteenth Amendment claims because he did not specifically object to the magistrate's failure to address these claims. See Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); Lockert v. Faulkner, 843 F.2d 1015, 1017 (7th Cir.1988); Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir.1986). However, even if these claims were not waived, they are without merit. First, Hutchins alleges only that he was deprived of outdoor exercise--not all forms of exercise--which is insufficient to establish a violation of the Eighth Amendment. See Harris v. Fleming, 839 F.2d 1232, 1236 (7th Cir.1988) (affirming summary judgment where the prisoner claimed that he had been deprived of only yard or recreation time not all exercise). Second, neither the Eighth Amendment nor the Thirteenth Amendment makes prison work per se unconstitutional. See Vanskike v. Peters, 974 F.2d 806, 809 (7th Cir.1992) ("The Thirteenth Amendment excludes convicted criminals from the prohibition of involuntary servitude, so prisoners may be required to work.")