**Kurt KETHLEY, Petitioner,**

v.

**Gerald A. BERGE, Respondent.**

No. 95–C–348.

United States District Court,
E.D. Wisconsin.

June 18, 1998.

Kurt Kethley, Fox Lake, WI, pro se.

Gregory Posner–Weber, Asst. Atty General, Madison, WI, for Defendant.

### MEMORANDUM AND ORDER

ADELMAN, District Judge.

Kurt Kethley filed this petition for a writ of habeas corpus on April 5, 1995, challenging the legality of his 1985 conviction for being a party to the crime of first degree murder. Mr. Kethley's principal claim is that he received ineffective assistance of counsel in connection with perfecting an appeal of his state court conviction, and that as a result he was denied his constitutional right to direct appeal. On July 3, 1995, an order issued by the Magistrate Judge erroneously concluded that Mr. Kethley had exhausted his state remedies. Subsequently, the file was transferred to a district judge, but no action was taken on Mr. Kethley's petition for almost three years. I received the petition in January 1998 by random reassignment.

■■■ After reviewing the file and updated information provided by the parties, it appears clear that Mr. Kethley has never filed a post-conviction motion in state court, pursuant to Wis.Stat. § 974.06. The appropriate mechanism for seeking state court review of a claim such as petitioner's is to bring a § 974.06 motion in the trial court, rather than a petition for a writ of habeas corpus in state appellate court, such as Mr. Kethley filed.[1] *State ex rel. Rothering v. McCaughtry,* 205 Wis.2d 675, 680–81, 556 N.W.2d 136 (Wis.App.1996). The Magistrate Judge appears to have overlooked the § 974.06 post-

conviction motion as a still-available avenue for state review. Memorandum and Order Pursuant to Rule 4 at 2–3.

■■■ The arguments that Mr. Kethley presents in his June 8, 1998 response to the court's recent order requesting additional information are precisely the arguments he should be making before a Wisconsin court in a § 974.06 proceeding.[2] If, in fact, petitioner's constitutional right to a direct appeal was impermissibly denied, he must allow Wisconsin courts a full opportunity to correct such a mistake before I can address his claim in a federal forum. Because of this, I am compelled to dismiss his habeas petition at this time.

■■■ However, I will dismiss this action without prejudice and permit Mr. Kethley to reopen this petition when his state remedies are properly exhausted. Additionally, the petitioner will retain the benefit of the present case number and original filing date when his file is reopened. I allow Mr. Kethley this option to foreclose the possibility that the present dismissal on procedural grounds will forever bar the petitioner from obtaining habeas review in a federal forum.

The 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA") created a one-year statute of limitations for petitions for a writ of habeas corpus. *See* 28 U.S.C. § 2244(d). If Mr. Kethley were to file an entirely new federal petition—after exhausting his state remedies as suggested by this order—he would run afoul of the limitations period as interpreted by the Seventh Circuit. *See Lindh v. Murphy,* 96 F.3d 856 (7th Cir. 1996), *rev'd on other grounds,* —— U.S. ——, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). For petitioners such as Mr. Kethley, whose "direct review" concluded *prior* to the passage

---

1. Mr. Kethley cites *State v. Flores,* 170 Wis.2d 272, 488 N.W.2d 116 (Ct.App.1992), in claiming that a petition for a writ of habeas corpus to state court is the proper forum for his claims. *Flores,* however, was a limited holding, and does not upset the usual rule that when an appeal has not been taken, the first avenue of collateral review is Wis.Stat. § 974.06. *Id.* at 278–79, 488 N.W.2d 116 (explaining why state habeas review was appropriate under facts of case: "While we recognize that this appellate court did not "consider the appeal" because there was no appeal, we nonetheless adopt the procedural framework of

*Knight for this case* in the interest of institutional uniformity." (emphasis added)).

2. The petitioner appears to have a long-standing objection to the requirement that he file a § 974.06 motion before seeking further review. Contrary to what he seems to believe, constitutional claims such as ineffective assistance of trial or appellate counsel *may* be raised in a § 974.06 motion, and the trial court *may* appoint counsel for indigent defendants in these proceedings. *See* Wis.Stat. § 974.06(1) & (3)(b).

of the AEDPA and for whom none of the other statute of limitations triggers under § 2244(d)(1) apply, the Seventh Circuit has determined that a "reasonable time" for filing expired one year from the date the AEDPA took effect—on April 23, 1997. *Id.* at 866. The AEDPA's tolling provision allows calculation time to be suspended only while "a properly filed application for State post-conviction or other collateral review" is pending in state courts. 28 U.S.C. § 2244(d)(2). However, time is not tolled while an improperly filed *federal* habeas petition is gathering dust on district court shelves, as in the present case. Consequently, even if Mr. Kethley could file a procedurally-sound habeas petition tomorrow, it would be deemed untimely.

I have not found a case which speaks directly to the fact situation at issue here, although the circumstances may not be uncommon. That the petitioner should be caught in a bind not of his own making, however, violates the spirit and logic of several analogous interpretations of the AEDPA's intricate procedural rules.

First, the Supreme Court has recently held that "a prisoner whose habeas petition was dismissed for failure to exhaust state remedies, and who then did exhaust those remedies and returned to federal court" should not be barred as filing a "second or successive" petition under 28 U.S.C. § 2244(b). *Stewart v. Martinez–Villareal,* —— U.S. ——, ——, 118 S.Ct. 1618, 1622, 140 L.Ed.2d 849 (1998). "To hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id. See also Benton v. Washington,* 106 F.3d 162, 164 (7th Cir. 1996) ("The sequence of filing, dismissal, exhaustion in state court, and refiling in federal court might generate multiple docket numbers, but it would not be right to characterize it as successive collateral attacks.") Similarly, the procedural dismissal of petitioner's action in the present case should not later be construed to produce the unintended effect of barring federal habeas review under the AEDPA statute of limitations provision.

Second, the Seventh Circuit addressed the plight of a habeas petitioner in a similar statute of limitations snare in *Post v. Gilmore,* 111 F.3d 556 (7th Cir.1997). The state

prisoner in *Post* had filed simultaneous actions for habeas relief under 28 U.S.C. § 2254 and for civil rights violations under 42 U.S.C. § 1983. The district court dismissed the prisoner's habeas petition as duplicative. *Id.* at 557. Reversing on appeal, the Seventh Circuit noted that dismissal of the habeas action "creates a substantial risk that refiling after the completion of the § 1983 case will be untimely." *Id.* In *Post* it was possible, indeed more correct given the nature of the claims, to reverse the sequence and proceed with the habeas review before addressing the civil rights action. Although the Seventh Circuit mandated precisely this approach, the court also offered the following:

> When unusual circumstances make it imprudent to address the § 2254 petition immediately, the collateral attack should be stayed rather than dismissed. Relief under § 2254 is an equitable remedy . . . but a district judge may not remit petitioners to their other remedies, the way a judge may decline to issue declaratory relief. Like most civil actions, a petition under § 2254 is governed by the norm that a district court must exercise its full statutory jurisdiction.

*Id.* Permitting petitioner to reopen the file should he choose to return to federal court is functionally similar to staying his § 2254 petition, as advocated above.

Finally, the solution of preserving the petitioner's original case number and filing date can be considered a form of equitable tolling of the AEDPA's limitations period. This, also, is not without analogous precedent. "Indeed, both the Supreme Court and [the Ninth Circuit] have repeatedly held that timing provisions even more unyieldingly phrased than AEDPA's are statutes of limitation subject to tolling." *Calderon v. United States Dist. Court for Cent. Dist. of Cal.,* 112 F.3d 386, 390 (9th Cir.1997). *See also United States v. Locke,* 471 U.S. 84, 94 n. 10, 105 S.Ct. 1785, 85 L.Ed.2d 64 (1985) ("Statutory filing deadlines are generally subject to the defenses of waiver, estoppel, and equitable tolling."); *and Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 95–96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) ("[T]he same rebuttable presumption of equitable

tolling applicable to suits against private defendants should also apply to suits against the United States.") Precisely because the long delay in discovering the procedural deficiency of Mr. Kethley's petition was not his fault, the time this file has been with the district court should not be held against him for statute of limitations purposes.

**THEREFORE,** for the reasons stated above and in the May 27, 1998 order, the court **HEREBY DISMISSES** this petition for a writ of habeas corpus without prejudice. The petition may be reopened once petitioner's § 974.06 motion has been finally adjudicated in Wisconsin courts.

**FURTHER, IT IS HEREBY ORDERED** that if petitioner chooses to reopen this federal petition when his state remedies are exhausted in accordance with 28 U.S.C. § 2254(c), he will be allowed to reopen this file under its present case number and with the benefit of the original filing date of April 5, 1995.