Prentis **RUPERT**, TDCJ No. 639061, Plaintiff(s),

v.

Gary L. **JOHNSON**, Director, Texas Department of Criminal Justice, Institutional Division, Defendant(s).

No. CIV A SA–98–31–OG.

United States District Court, W.D. Texas, San Antonio Division.

Nov. 19, 1998.

Prentis Rupert, Livingston, TX, pro se.

Frances R. Johnson, Office of Atty. Gen., Austin, TX, Edward L. Marshall, Assist. Atty. Gen., Austin, TX, for defendent.

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

ORLANDO L. GARCIA, District Judge.

Before the Court is the Memorandum and Recommendation of the United States Magistrate Judge, filed in the above-styled and numbered cause on April 8, 1998, and the objections to the Memorandum and Recommendation, filed by Gary L. Johnson, Director of the Institutional Division, Texas Department of Criminal Justice, on April 28, 1998.

■ Where no party has objected to the Magistrate Judge's Memorandum and Recommendation, the Court need not conduct a de novo review of it. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Memorandum and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.1989).

■ On the other hand, if any party objects to the Memorandum and Recommendation, the Court must review it de novo. *See Kreimerman v. Casa Veerkamp, S.A. de C.V.,* 22 F.3d 634, 646 (5th Cir.1994); *Longmire v. Guste,* 921 F.2d 620, 623 (5th Cir.1991). Such a review means that the Court will examine the entire record, and will make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir.1987).

In her Memorandum and Recommendation, the Magistrate Judge recommended

denial of the Director's motion to consolidate this case, in which Rupert challenges his state court conviction for retaliation, with Civil Action No. SA–98–CA–30, in which Rupert challenges his earlier state court conviction for robbery.[1] In addition, she recommended denying the Director's motion to dismiss this petition as time-barred, concluding that the one-year limitations period set forth in 28 U.S.C. § 2244(d) had been tolled during the pendency of Petitioner's state habeas petitions concerning his retaliation conviction and during the pendency an earlier federal habeas petition in No. SA–97–CA–134. The Director now objects, arguing that the one-year period is not subject to tolling, and that even if it is, Petitioner's second and third state habeas petitions, dismissed for abuse of the writ, were not "properly filed" so as to qualify under the tolling provisions of § 2244(d)(2). The Director further maintains that the Magistrate Judge erred in finding the period tolled by the Petitioner's federal habeas corpus action in No. SA–97–CA–134, which he argues does not constitute "other collateral review" under § 2244(d)(2).

■ The Director's first argument, that the Magistrate Judge may not recognize a period of limitations outside the express language of the AEDPA but then apply its tolling provisions to that period, is without foundation and ignores the plain language of the AEDPA and other cases construing it in identical circumstances. As the Magistrate Judge noted, Rupert filed his petition on February 17, 1998, after the effective date of the AEDPA. Since Rupert's state court retaliation conviction became final before passage of the AEDPA, Rupert was entitled to a one-year grace period from the date of the AEDPA's effective date in which to file his federal habeas corpus petition, or, in other words, until

April 24, 1997. *See United States v. Flores,* 135 F.3d 1000, 1006 (5th Cir.1998).[2] But under the AEDPA, that one-year period is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Although the Director maintains that this tolling provision should not apply to the judicially-created limitations period governing post-AEDPA petitions challenging convictions that became final before its passage, he offers no reasoned basis why this should be so. Numerous courts have held otherwise, *see, e.g., Gendron v. United States,* 154 F.3d 672, 675 & n. 3 (7th Cir.1998); *Lovasz v. Vaughn,* 134 F.3d 146, 149 (3d Cir.1998); *Hoggro v. Boone,* 150 F.3d 1223, 1226 (10th Cir.1998), and the Court does so here. Consequently, the Court finds that the Magistrate Judge did not err in applying the tolling provisions of § 2244(d)(2) in Rupert's case.

■ The Director's next argument, that Rupert's second and third state habeas petitions challenging his retaliation nevertheless do not fall within the provisions of § 2244(d)(2), is similarly without merit. The Director argues that, because these petitions were dismissed under Texas's writ abuse statute, they were not "properly filed" as required by § 2244(d)(2). Courts construing the phrase "properly filed," however, have found it to mean "one submitted according to the state's procedural requirements, such as the rules governing time and place of filing." *Lovasz v. Vaughn,* 134 F.3d at 148. In accordance with that view, those courts addressing state petitions dismissed under Texas's writ abuse statute have concluded that such petitions were "properly filed" within the meaning of § 2244(d)(2). *See, e.g., Ellis v. Johnson,* 11 F.Supp.2d 695 (N.D.Tex.

1. Since the issuance of the Memorandum and Recommendation, this Court has entered an order denying Rupert's petition in that case. Accordingly, the Director's motion is, alternatively, moot.

2. While the petition in *Flores* was one under § 2255, *Flores*'s holding applies equally in § 2254 cases. *See Flanagan v. Johnson,* 154 F.3d 196, 200 n. 2 (5th Cir.1998).

1998); *Galindo v. Johnson,* 19 F.Supp.2d 697 (W.D.Tex.1998). Consequently, the Magistrate Judge properly applied § 2244(d)(2) in excluding the periods during which Rupert's second and third state habeas petitions were pending when calculating the one-year limitations period.

■ Finally, the Director objects to the Magistrate Judge's similar application of § 2244(d)(2) to exclude the time during which Rupert's § 2255 petition in No. SA–97–CA–134 was pending. This period is material because, if not excluded, Rupert's petition would be untimely even excluding the time during which his second and third state habeas petitions were pending. The Director argues that Rupert's federal habeas petition cannot reasonably be interpreted as "other collateral review" so as to fall within the scope of § 2244(d)(2). That interpretation is reasonable. As the Director notes, the legislative history concerning this subsection indicates that it was contemplated to encompass only those collateral attacks on a conviction prosecuted in state court, not federal court. (*See* Resp. Johnson's Obj. at 6 & n. 3)(quoting testimony before House Judiciary Committee). Other courts have ruled that a federal habeas petition does not fall within § 2244(d)(2). *See Kethley v. Berge,* 14 F.Supp.2d 1077, 1998 WL 324585 at *1 (E.D.Wis. June 18, 1998); *Babcock v. Duncan,* No. C 97–2740 VRW (PR), 1997 WL 724450 at * 2 (N.D.Cal. Nov. 12, 1997)("No court has found that the running of the limitation period also is tolled, as petitioner contends, for the time period during which a properly filed application for post-conviction or other collateral review is pending in federal court.") Therefore, the Court agrees with the Director that the time period during which Rupert's federal petition was pending in No. SA–97–CA–134 does not come within the express terms of § 2244(d)(2).

■ Nevertheless, this does not end the inquiry. At least two courts have addressed the conundrum that Rupert is now facing. In *Peterson v. Brennan,* the district court noted the possibility that a federal habeas petitioner whose petition was dismissed to allow for state court exhaustion of certain claims in a mixed petition could quite possibly be barred by the AEDPA's one year period upon re-filing after exhaustion. *See* CIV A. 97–2477, 1998 WL 470139 at *8 (E.D.Pa. Aug.11, 1998). In that Court's view, "application of a provision of the AEDPA 'so as to eviscerate completely the right of prisoners ... to petition for habeas corpus would be "entirely unfair." ' " *Id.* at *9 (citation omitted). Thus, to avoid this result, the court in *Peterson* dismissed the petition with leave to re-file it under the original case number, so that it would relate back to the original filing date for AEDPA statute of limitations purposes. *Id.*

Similarly, in *Kethley v. Berge,* employed the same procedure, dismissing the petition without prejudice to reopen upon exhaustion of state court remedies. 14 F.Supp.2d 1077 (E.D.Wis.1998). There the Court noted that the AEDPA limitations period "is not tolled while an improperly filed federal habeas petition is gathering dust on district court shelves." *Id.* at 1078. Nevertheless, the Court reasoned that "the petitioner should not be caught in a bind not of his own making," for to do so would "violate[ ] the spirit and logic of several analogous interpretations of the AEDPA's intricate procedural rules." *Id.* at 1079. These include the view that reassertion of a previous petition dismissed for failure to exhaust is not a successive petition under § 2244(b), *see Stewart v. Martinez–Villareal,* 523 U.S. 637, 118 S.Ct. 1618, 1622, 140 L.Ed.2d 849 (1998), that the Court should exercise its full statutory jurisdiction under § 2254 rather than dismissing a petition when similar relief is sought in a separate lawsuit, and that the limitations period of § 2244(d) is subject to the doctrine of equitable tolling.

The Court agrees with the logic underlying these cases. Here, however, the procedure followed in *Peterson* and *Kethley* is not available. Rupert's petition in No.

SA–97–CA–134 was dismissed without prejudice, with no indication that he could reopen or re-file under the same case number. Yet, only fifty days after this petition was dismissed, he filed the instant § 2254 petition. It would have been anomalous to have required Rupert to file this petition while his earlier petition in No. SA–97–CA–134 was pending; the precise relief he seeks here, reversal of his retaliation conviction, was at issue in that earlier lawsuit. In these circumstances, the Court finds that the AEDPA's limitation period should be equitably tolled for the time during which No. SA–97–CA–134 was pending, and his petition in this cause was therefore timely. The Fifth Circuit and other courts have held that the AEDPA's statute of limitation may be equitably tolled in exceptional circumstances beyond petitioner's control. *See, e.g., Davis v. Johnson,* 158 F.3d 806, 809–12 (5th Cir.1998); *Miller v. N.J. State Dept. of Corrections,* 145 F.3d 616, 617–18 (3d Cir.1998); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.), *cert. denied,* 525 U.S. 891, 119 S.Ct. 210, 142 L.Ed.2d 173 (1998); *Calderon v. United States Dist. Court for the Cent. Dist. of Cal.,* 128 F.3d 1283, 1287–88 (9th Cir.1997), *cert. denied,* 522 U.S. 1099, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998); *Henderson v. Johnson,* 1 F.Supp.2d 650, 653 (N.D.Tex.1998). Accordingly, on this basis, the Court finds that the Memorandum and Recommendation should be accepted.

IT IS ORDERED THAT the Memorandum and Recommendation of the United States Magistrate Judge filed in this cause on April 2, 1998 be and is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that (1) the Director's motion to consolidate, filed March 26, 1998, is DENIED; (2) the Directors motions to dismiss are DENIED; and (3) the Director shall file a response on the merits to Rupert's federal habeas corpus petition herein on or before thirty (30) days of the date hereof.

## FIRST MEMORANDUM AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

NOWAK, United States Magistrate Judge.

Pursuant to an informal referral of the above-styled and numbered cause to the undersigned United States Magistrate Judge on January 14, 1998, and consistent with the authority vested in United States Magistrates under the provisions of Title 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 1(d) and (e) of the Local Rules for the Assignment of Duties to United States Magistrates, Appendix C to the Local Court Rules for the Western District of Texas, effective January 1, 1994, the following report is submitted for your review and consideration.

### I. *Jurisdiction*

Jurisdiction is noted pursuant to Title 28 U.S.C. Section 2254.

### II. *Statement of the Case*

#### A. *Factual Background*

Petitioner Prentis Rupert was indicted in cause no. 89–CR–4869–A on charges of aggravated robbery and robbery with bodily injury. On January 4, 1990, the state trial court deferred adjudication of guilty, based on petitioner's guilty plea to robbery with bodily injury, and sentenced Rupert to ten years probation. On November 30, 1992, the trial court issued an Order adjudicating guilt and sentenced petitioner to serve an eight-year term of imprisonment. Petitioner filed no direct appeal from that conviction or sentence.

On August 5, 1992, petitioner was indicted in cause no. 92–CR–4920 on a charge of retaliation, i.e., threatening to kill the complainant who had reported the occurrence of a crime. On November 30, 1992, petitioner entered a guilty plea to that charge. On December 1, 1992, the state trial court imposed an eight-year term of imprisonment, to run concurrently with petitioner's 8–year sentence in cause no. 89–

CR–4869–A. Petitioner did not appeal from that conviction or sentence either.

On May 8, 1995, petitioner filed cause no. SA–95–CA–413, a federal habeas corpus petition pursuant to Title 28 U.S.C. Section, in which he collaterally challenged *only* his robbery conviction and argued that (1) his conviction was obtained in part by the use of a coerced confession, more specifically he alleges that he was threatened with a charge of statutory rape unless he entered his guilty plea, (2) his court-appointed defense counsel rendered ineffective assistance because he was inexperienced in criminal law, and (3) a prosecution witness testified falsely at petitioner's trial regarding the date of an alleged assault offense involving petitioner. On July 10, 1995, respondent filed a motion to dismiss petitioner's federal habeas corpus petition in cause no. SA–95–CA–413, arguing that petitioner had never appealed his conviction or sought state habeas relief and, therefore, had failed to exhaust available state remedies. Petitioner filed no response thereto. In a Memorandum and Recommendation issued August 10, 1995, the undersigned Magistrate Judge recommended that petitioner's federal habeas corpus petition be dismissed for failure to exhaust state remedies. Petitioner filed no objections thereto and, in an Order and Judgment issued August 29, 1996, District Judge Prado accepted that recommendation and dismissed petitioner's federal habeas corpus petition without prejudice for failure to exhaust state remedies. Petitioner filed no appeal from that dismissal.

On June 3, 1996, petitioner filed a state habeas corpus application collaterally attacking his retaliation conviction in cause no. 92–CR–4920 which the Texas Court of Criminal Appeals denied without written order on November 20, 1996.[1] On May 29, 1997, petitioner filed a second state habeas corpus application challenging his retaliation conviction which the Texas Court of Criminal Appeals dismissed pursuant to the new Texas writ-abuse statute on August 13, 1997.[2] On June 27, 1997, petitioner filed a third state habeas corpus application challenging his retaliation conviction which the Texas Court of Criminal Appeals dismissed pursuant to the Texas writ-abuse statute on September 24, 1997.[3]

Meanwhile, on February 4, 1997, petitioner filed cause no. SA–97–CA–134 in this Court, a federal habeas corpus action in which he challenged *both* his aggravated robbery conviction as well as his retaliation conviction. On December 29, 1997, this Court dismissed that federal habeas corpus petition without prejudice for failure to exhaust available state remedies regarding petitioner's robbery conviction.

### B. Procedural History

On February 17, 1998, petitioner Prentis Rupert filed this federal habeas corpus action pursuant to Title 28 U.S.C. Section 2254 collaterally attacking his November, 1992 Bexar County conviction for retaliation.[4] As grounds for relief, petitioner argues that (1) his trial counsel rendered ineffective assistance in connection with petitioner's guilty plea by (a) not being trained in criminal law, (b) not having petitioner's best interests at heart, (c) seeking only to plea bargain, (d) misleading petitioner into believing that parole was better than probation, and (e) misleading petitioner into believing that the prosecution had offered a term of eight years as an inducement for a guilty plea and that if petitioner agreed to that plea bargain, petitioner would only serve 60 days in prison, (2) petitioner's guilty plea was rendered involuntary and unknowing by virtue of his trial counsel's misrepresentations to petitioner regarding the nature of the plea offered by

---

1. *See Ex parte Rupert,* App. No. 31,675–01 (Tex.Crim.App. November 20, 1996).

2. *See Ex parte Rupert,* App. No. 31,675–02 (Tex.Crim.App. August 13, 1997).

3. *See Ex parte Rupert,* App. No. 31,675–03 (Tex.Crim.App. September 24, 1997).

4. *See* docket entry no. 5.

the prosecution and the actual length of time the petitioner would have to serve in prison if he pleaded guilty, and (3) the factual basis underlying petitioner's guilty plea was invalid and insufficient because (a) the victim's statement to the police was untrue, (b) the only evidence against petitioner consisted of hearsay, and (c) there was no evidence showing the petitioner committed the offense.

On March 26, 1998, respondent filed a motion to consolidate this federal habeas corpus proceeding with petitioner's separate and distinct collateral attack upon his aggravated robbery conviction,[5] a motion to dismiss petitioner's claims herein as time-barred,[6] and a motion for leave to file an amended motion to dismiss petitioner's claims as time-barred.[7]

### III. *Issues*

(1) Whether this cause should be consolidated with petitioner's claims in cause no. SA–98–CA–30–OG in which petitioner collaterally attacks his aggravated robbery conviction?

(2) Whether respondent's motions to dismiss petitioner's claims herein as time barred should be granted?

### IV. *Analysis and Authorities*

#### A. *Respondent's Motion to Consolidate*

Respondent has filed a series of motions in which, among other things, respondent asks that this Court consolidate this cause with petitioner's other federal habeas corpus action currently pending before this Court, i.e., cause no. SA–98–CA–30–OG, in which petitioner challenges his January, 1990 Bexar County criminal conviction for aggravated robbery.[8] Petitioner previously attempted to challenge both of his convictions in a single federal habeas corpus

proceeding and the undersigned Magistrate Judge determined that petitioner should *not* be permitted to do so because the two convictions bore no relationship legally or factually save for the happenstance that they were both heard before the same state trial court. The claims presented by petitioner in connection with his aggravated robbery conviction are unrelated, either factually or legally, to his claims attacking his retaliation claim and, for that reason, consolidation of the petitioner's separate Section 2254 actions would be inappropriate. Likewise, the circumstances surrounding the application of the one-year statute of limitations to petitioner's challenges to his retaliation conviction are separate and distinct from any similar claims respondent wishes to make regarding petitioner's collateral attack upon his aggravated robbery conviction. Consolidation of the petitioner's wholly unrelated claims attacking two entirely separate criminal convictions and the respondent's separate and distinct attacks upon the timeliness of the petitioner's separate collateral attacks should not be confused by consolidating what are two clearly separate and distinct federal habeas corpus proceedings challenging two separate and distinct state criminal convictions. Respondent's motion for consolidation should be denied.

#### B. *Respondent's Motions to Dismiss as Time–Barred*

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"],[9] which radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. Section 2254.[10]

---

5. *See* docket entry no. 11.

6. *See* docket entry no. 9.

7. *See* docket entry no. 10.

8. *See* docket entry no. 11.

9. Pub.L. No. 104–132, 110 Stat. 1214 (1996).

10. *See Nobles v. Johnson*, 127 F.3d 409, 412–15 (5th Cir.1997), *cert. pending; Hernandez v. Johnson*, 108 F.3d 554, 557 n. 2 (5th Cir. 1997), *cert. denied*, 522 U.S. 984, 118 S.Ct. 447, 139 L.Ed.2d 383 (1997); *Brown v. Cain*, 104 F.3d 744, 748–49 (5th Cir.1997), *cert. denied*, 520 U.S. 1195, 117 S.Ct. 1489, 137 L.Ed.2d 699 (1997); *Childress v. Johnson*, 103

Prior to the Supreme Court's recent opinion in *Lindh v. Murphy*,[11] the Fifth Circuit had held in several opinions that the new standard of review provisions of the AEDPA governed federal court review of all federal habeas corpus petitions filed by state prisoners, including those petitions pending as of the effective date of that enactment.[12] However, the holding in *Lindh* limits the applicability of the AEDPA's new standard of review provisions to only those petitions filed *after* the effective date of that enactment, i.e., after April 24, 1996.[13] The holding in *Lindh* does *not* apply to this cause because petitioner filed this federal habeas corpus action *after* the effective date of the AEDPA.[14]

In addition to the new standards of review, the AEDPA enacted a new one-year statute of limitations applicable to federal habeas corpus petitions filed by state prisoners pursuant to Title 28 U.S.C. Section 2254. The new statutory language in question provides simply that a one-year limitation period shall apply to a federal habeas corpus petition filed by a state prisoner but that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." [15]

Respondent argues, with little citation to authority, that petitioner's filing of his second and third state habeas applications did *not* toll the one-year statute of limitations which began to run on the effective date of the AEDPA, i.e., on April 24, 1996. Respondent argues that, under Texas law, a state habeas corpus application that is subsequently dismissed pursuant to the Texas writ-abuse statute is *not* deemed to have been "properly filed" under state law and, therefore, should *not* toll the federal limitations period. However, that statute does *not* authorize state courts to play a complex game of "gotcha" with *pro se* litigants. Respondent cites to no authority which would have furnished a pro se litigant such as petitioner herein with any reasonable notice that the state habeas corpus applications which petitioner properly filed in accordance with all state statutory requirements on May 29, 1997 or June 27, 1997 were in any way deficient with regard to their filing. On the contrary, the fact that the Texas Court of Criminal Appeals subsequently issued Orders dismissing those two state habeas corpus proceedings belies any rational argument to the effect that those state habeas applications were not "properly filed." A finding that a habeas corpus application constitutes an abuse of the writ is itself a ruling on the merits. Thus, the entire period between May 29,

F.3d 1221, 1224 (5th Cir.1997); *Mata v. Johnson*, 99 F.3d 1261, 1265–66 (5th Cir.1996), *vacated in part and modified on other grounds*, 105 F.3d 209 (5th Cir.1997); *Herman v. Johnson*, 98 F.3d 171, 173 (5th Cir.1996), *cert. denied*, 520 U.S. 1123, 117 S.Ct. 1262, 137 L.Ed.2d 341 (1997); *Drinkard v. Johnson*, 97 F.3d 751, 756 (5th Cir.1996), *cert. denied*, 520 U.S. 1107, 117 S.Ct. 1114, 137 L.Ed.2d 315 (1997).

**11.** 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

**12.** *See Carter v. Johnson*, 110 F.3d 1098, 1103 (5th Cir.1997), *vacated* 522 U.S. 964, 118 S.Ct. 409, 139 L.Ed.2d 313 (1997); *Hernandez v. Johnson*, 108 F.3d at 557–58; *Brown v. Cain*, 104 F.3d at 748–49; *Lockhart v. Johnson*, 104 F.3d 54, 56–57 (5th Cir.1997), *cert. denied*, 521 U.S. 1123, 117 S.Ct. 2518, 138

L.Ed.2d 1019 (1997); *Childress v. Johnson*, 103 F.3d at 1224; *Mata v. Johnson*, 99 F.3d at 1266; and *Drinkard v. Johnson*, 97 F.3d at 767.

**13.** *See Hogue v. Johnson*, 131 F.3d 466, 469 n. 1 (5th Cir.1997), *cert. denied*, 523 U.S. 1014, 118 S.Ct. 1297, 140 L.Ed.2d 334 (1998); *Carter v. Johnson*, 131 F.3d 452, 457 (5th Cir. 1997), *cert. pending;* and *Nobles v. Johnson*, 127 F.3d at 413–15, (holding that a federal habeas petition filed *after* the effective date of the AEDPA was governed by the standard of review set forth in the AEDPA despite the fact that petitioner had filed other motions in that cause prior to April 24, 1996).

**14.** *See Nobles v. Johnson*, 127 F.3d at 413–15.

**15.** *See* 28 U.S.C. § 2244(d).

1997 and September 24, 1997, during which petitioner's second and third state habeas corpus applications were pending before the Texas Court of Criminal Appeals, must be excluded from the period of time against which the one-year statute of limitations is measured vis-a-vis petitioner's retaliation conviction.

Respondent also argues that the time period during which the petitioner's claims in cause no. SA–97–CA–134 were pending before this Court should also be ignored in determining whether petitioner's current federal habeas corpus petition is barred by the applicable one-year statute of limitations. However, it would be a grievous injustice to permit a respondent to move for and obtain the dismissal of a federal habeas corpus petition for failure to exhaust state remedies and then require the dismissing court to exclude the period that same federal habeas corpus petition was pending before that federal court in calculating the same petitioner's subsequent compliance with the applicable statute of limitations. Furthermore, the plain language of Section 2244(d)(2) provides for a tolling of the applicable limitations period during any period in which "a properly filed application for State post-conviction *or other collateral review*" is pending. The absence of the adjective "State" immediately preceding the phrase "other collateral review" in Section 2244(d)(2) cannot rationally be construed as a merely negligent omission and that its absence was clearly intended to reflect a recognition that other forms of collateral review, besides State court collateral review, could and should toll the one-year statute of limitations. The phrase "State post-conviction" modifies the noun "review" in Section 2244(d)(2) and is so broad that it includes both direct appeal review by a state appellate court, as well as state habeas review of a state criminal conviction. Thus, if respondent's construction of Section 2244(d)(2) were adopted, then the entire phrase "or other collateral review" would be rendered totally superfluous.

Because the time periods during which petitioner's second and third state habeas corpus applications and the time period during which petitioner's claims in cause no. SA–97–CA–134 were pending before this Court overlap, the greater of those two tolling periods must be considered in determining the timeliness of petitioner's current federal habeas corpus petition. When the time period during which cause no. SA–97–CA–134 was pending before this Court is excluded, petitioner's current federal habeas corpus petition was filed well within the applicable one-year limitations period of Section 2244(d).

## V. *Recommendation*

For the foregoing reasons, it is the recommendation of the undersigned Magistrate Judge that (1) respondent's motion to consolidate, filed March 26, 1998,[16] be DENIED, (2) both of the respondent's motions to dismiss as time-barred[17] be DENIED, and (3) the District Court direct the respondent to file a response on the merits to petitioner's federal habeas corpus petition herein on or before thirty (30) days the District Court accepts the foregoing recommendations.

### *INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL*

The United States District Clerk shall serve a copy of this United States Magistrate Judge's Findings and Recommendation on all parties by either (1) mailing a copy to each of them by certified mail, return receipt requested, or (2) facsimile if authorization to do so is on file with the Clerk.

Pursuant to Title 28 U.S.C. § 636(b)(1), and Rule 4(b) of the Local Rules for the Assignment of Duties to United States

---

**16.** *See* docket entry no. 11.

**17.** *See* docket entry no. 9. Respondent's amended motion to dismiss as time barred has not yet been docketed.

**810**

Magistrates (Appendix C to the Local Court Rules for the Western District of Texas), the parties are hereby notified that any party who desires to object to this report must file with the Clerk of this Court and serve the Magistrate Judge and all parties with written objections to the findings and recommendation included above within ten (10) days after being served with a copy of this Memorandum and Recommendation.[18]

A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections.[19] A party's failure to file written objections to the proposed factual findings, legal conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court of those proposed factual findings, legal conclusions, and recommendations.[20]

Additionally, *any failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within ten (10) days after being served with a copy, shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, unless the party validly alleges grounds of plain error.*[21]

April 8, 1998.

---

**18.** *See United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.1989), *cert. denied,* 492 U.S. 918, 109 S.Ct. 3243, 106 L.Ed.2d 590 (1989).

**19.** *See Battle v. U.S. Parole Commission,* 834 F.2d 419, 421 (5th Cir.1987).

**20.** *See generally Thomas v. Arn,* 474 U.S. 140, 150–55, 106 S.Ct. 466, 472–75, 88 L.Ed.2d 435 (1985); *United States v. Raddatz,* 447 U.S. 667, 673–76, 100 S.Ct. 2406, 2411–13, 65 L.Ed.2d 424 (1980); 28 U.S.C. § 636(b)(1).

**21.** *See Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1428–29 (5th Cir. 1996).