**Roy POST, Petitioner–Appellant,**

v.

**Jonathan R. WALLS, Warden, Menard Correctional Center, Respondent–Appellee.**

**No. 00–3891.**

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 19, 2001 *.

Decided Nov. 26, 2001.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

Before Hon. BAUER, Hon. EASTERBROOK, Hon. TERENCE T. EVANS, Circuit Judges.

Order

Roy Post, a prisoner of Illinois, lost good time credits after a prison disciplinary board found that he had tried to escape. Post's first request for federal relief under 28 U.S.C. § 2254 was dismissed as duplicative with an action under 42 U.S.C. § 1983. That order was reversed; we concluded that no rule prohibits duplicative actions (let alone prefers the improper § 1983 suit over the proper use of § 2254). See *Post v. Gilmore*, 111 F.3d 556 (7th Cir.1997). On remand the action was dismissed a second time, after the judge concluded that Post had not exhausted remedies available under state law. Post did not appeal and asked the state courts for a writ of mandamus. This petition was denied on the ground that Post had neglected to use administrative remedies within the prison system. Post then returned to federal court, where his renewed application under § 2254 was denied on the ground that failure to use the state's intraprison process procedurally defaulted all federal claims.

Two jurisdictional issues arise at the outset. First, Post's notice of appeal was filed about three months after the district court's judgment and is untimely. But within 30 days after the judgment Post mailed a request for a certificate of appealability. This request, which contains all of the information required by

Fed. R.App. P. 3 to be in a notice of appeal, thus *is* a (timely) notice of appeal. See *Becker v. Montgomery*, 532 U.S. 757, 121 S.Ct. 1801, 149 L.Ed.2d 983 (2001). Second, neither the district court nor this court issued a certificate of appealability. Respondent contends that this deprives us of jurisdiction to entertain Post's appeal. But *Walker v. O'Brien*, 216 F.3d 626 (7th Cir.2000), holds that state prisoners do not need certificates of appealability in cases arising out of the revocation of good-time credits. Respondent asks us to overrule *Walker* but offers no arguments that were not advanced in the opinion dissenting from the denial of rehearing en banc in *Walker*. Nor have other courts of appeals addressed this question since *Walker* (which created a conflict with at least two other circuits: *Montez v. McKinna*, 208 F.3d 862, 866–69 (10th Cir.2000); *Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.1997)). If this case, or a similar one, reaches the Supreme Court, the State of Illinois will be able to renew its arguments there.

■ Because the state courts held that Post failed to use his administrative remedies, they did not reach the merits; and because they did not do so, the district court treated the procedural default as an independent and adequate state ground supporting the decision. That approach is unexceptionable. Post contends that he really *did* use all available administrative remedies, but the (at least, a) reason he lost in state court is that he did not *demonstrate* this in the record of the judicial proceedings. State courts are entitled to insist that litigants not only present but also substantiate their contentions. Failure to do so is a procedural ground that supports the decision. Because the state court's order rests on a non-federal ground that adequately supports the judgment, and because Post does not attempt to demonstrate cause for (and prejudice from) the default, the district court acted correctly in denying Post's application for a writ of habeas corpus. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

AFFIRMED