**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted September 2, 2021[*]
Decided September 3, 2021

Before

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 21-1310

CHONG LENG LEE,
    *Plaintiff-Appellant,*

*v.*

CITY OF APPLETON, WISCONSIN, *et al.,*
    *Defendants-Appellees.*

Appeal from the United States
District Court for the Eastern
District of Wisconsin.

No. 20-cv-0765-bhl
Brett H. Ludwig, *Judge.*

**Order**

During the investigation that preceded Chong Leng Lee's trial for murder, police in Wisconsin interviewed three potential witnesses in 2013 but destroyed the recordings of those interviews. The potential witnesses told the police that they feared retaliation for assisting the investigators, who obliged by doing what they could to conceal the

---

[*] Appellees were not served with process in the district court and have not participated in the appeal. After examining the brief and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

interviewees' names from the defense. In 2015 counsel learned the names anyway, and the potential witnesses were interviewed again. Lee asked the state court to dismiss the prosecution as a sanction. The judge rejected that possibility but barred the prosecutor from calling any of the three—though he allowed Lee to do so.

At trial Lee's brother identified him as the shooter, and the prosecution showed that Lee had admitted the murder to at least seven people. Lee did not call any of the three potential witnesses. The jury returned a guilty verdict, and the state's court of appeals affirmed. 2020 WI App. 6 (Dec. 17, 2019). The appellate court concluded that the destruction of the evidence had violated Lee's rights—and we shall assume for the sake of argument that this is so—but that the trial court's remedy prevented Lee from suffering prejudice. The appellate court also held that the destroyed recordings had not contained material exculpatory evidence.

Lee has not sought collateral review of that decision in either state or federal court. Instead he filed this suit under 42 U.S.C. §1983, seeking damages for the intentional destruction of evidence. The district court rejected that argument on the merits, but we conclude that it should not have done so. This civil suit is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which holds that §1983 cannot be used to present arguments that are incompatible with the validity of a criminal conviction. A §1983 claim is premature, the Court held, unless the conviction has been set aside by appeal, collateral review, pardon, or some equivalent way of establishing the conviction's invalidity.

The arguments that Lee presents in this civil suit track the principal arguments he advanced in the criminal prosecution as reasons why he could not be convicted. The state judiciary rejected these arguments at trial and on appeal. The validity of the criminal judgment rests on the propriety of this conclusion. So long as that judgment stands undisturbed, litigation under §1983 is premature. See *Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020) (en banc). The district court should not have addressed the merits—not only because the claim is premature but also because a decision in this civil suit could hamper effective review of the arguments in any future effort to have the conviction set aside. See *Post v. Gilmore*, 111 F.3d 556 (7th Cir. 1997). We do not say that it is always forbidden to bypass *Heck* and address the merits—after all, *Heck* does not concern subject-matter jurisdiction, see *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011)—but it was imprudent to do so here.

One more issue requires brief comment. Lee named "Appleton Police Department" as a defendant. The district judge noted that Wisconsin law does not treat police departments as entities separate from the cities that operate them, so the appropriate defendant is the city itself. See Wis. Stat. §62.13. Lee protests that he is contesting an official

policy that could lead to liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), but this misses the district court's point. *Monell* concerns the circumstances under which a municipal entity can be liable; it does not displace state law on the question whether something such as a police department is a juridical entity in the first place. The right entity in Wisconsin is the municipality, and we have amended the caption accordingly.

*Johnson v. Rogers*, 944 F.3d 966 (7th Cir. 2019), observes that a claim barred by *Heck* must be dismissed without prejudice, so that the litigant retains the full set of options to attack the criminal judgment. See also *Morgan v. Schott*, 914 F.3d 1115, 1122 (7th Cir. 2019); *Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014). Accordingly, the judgment of the district court is vacated, and we remand with instructions to dismiss the complaint without prejudice.