William Michael DENNIS, Petitioner,

v.

Jeanne S. WOODFORD, Acting Warden, Respondent.

No. C–98–21027–JF.

United States District Court, N.D. California, San Jose Division.

Sept. 16, 1999.

Peter Giannini, Law Offices of Peter Giannini, Los Angeles, CA, for petitioner.

Martin Kaye, Deputy Attorney General, San Francisco, CA, for respondent.

## ORDER DENYING WITHOUT PREJUDICE PETITIONER'S APPLICATION TO EXTEND FILING DATE FOR PETITION FOR WRIT OF HABEAS CORPUS AND TOLLING ONE–YEAR LIMITATION

FOGEL, District Judge.

The motion of Petitioner William Michael Dennis ("Petitioner") for an order extending the filing date for a petition for a writ of habeas corpus and tolling the applicable one-year limitation period was

heard by the Court on September 14, 1999. Attorney Peter Giannini appeared on behalf of Petitioner and Deputy Attorneys General Dane Gillette and Martin Kaye appeared on behalf of Respondent, Jeanne S. Woodford, Acting Warden at San Quentin State Prison ("Respondent"). Based on the record to date and the oral argument of counsel, the Court will deny Petitioner's motion without prejudice for the reasons set forth below.

## I.  BACKGROUND

Petitioner was convicted and sentenced to death by a Santa Clara County Superior Court jury for the murders of his ex-wife and her unborn fetus. His judgment and sentence were affirmed on appeal by the California Supreme Court on February 19, 1998. The U.S. Supreme Court denied Petitioner's petition for a writ of certiorari on October 5, 1998. Petitioner then filed a request for appointment of counsel and a stay of execution in this Court on October 9, 1998. He also filed a petition for a writ of habeas corpus with the California Supreme Court. Petitioner's state habeas petition was denied on November 4, 1998.

Pursuant to the terms of The Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"), which became law on April 24, 1996, Petitioner's federal petition for a writ of habeas corpus is due in this Court by November 3, 1999. Petitioner's proposed counsel, Mr. Giannini, now asks the Court to find that the AEDPA's one-year time limitation should be equitably tolled and requests that he be given one year from the time of his appointment in this case within which to file a petition for a writ of habeas corpus on behalf of Petitioner. The basis of this proposed relief is that from the time of Petitioner's initial request for appointment of counsel on October 9, 1998, until July 26, 1999, the date Mr. Giannini was provisionally appointed in this case, Petitioner was without counsel and, therefore, could not prepare an adequate petition.[1]

## II.  LEGAL STANDARDS

The AEDPA imposed for the first time a statute of limitations on petitions for writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences now must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented the petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1).[2] Time during which a properly filed application for state post-conviction or other collateral review is pending is expressly excluded from the one-year time limit. *See id.* § 2244(d)(2).

The AEDPA requires that an "application for a writ of habeas corpus" be made within the one-year statute of limitations period. *See id.* § 2244(d)(1). The Ninth

---

1. The record reflects that the California Appellate Project attempted diligently to identify counsel for Petitioner throughout this period but was unsuccessful until Mr. Giannini agreed to accept his current conditional appointment.

2. The AEDPA also enacted Chapter 154 which adds to Title 28, special, expedited procedures for handling federal capital habeas cases. Chapter 154 establishes a time limit for state prisoners challenging their capital convictions or sentences of 180 days from the final affirmance on direct review of the conviction and sentence. *See* 28 U.S.C. § 2263(a). However, it is unclear whether the provisions of Chapter 154 are applicable here. *See Ashmus v. Calderon,* 31 F.Supp.2d 1175, 1186–87 (N.D.Cal.1998) (finding noncompliance with Chapter 154), *appeal pending, Ashmus v. Woodford,* 9th Cir. No. 99–99007. In its opposition to the present motion, Respondent assumes that Chapter 154 does not apply herein.

Circuit has held in another context that a habeas case is pending when a petition for the appointment of counsel to prepare and file a habeas petition, coupled with a motion for a stay of execution, has been filed. *See Calderon v. United States District Court(Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998) (en banc), *cert. denied*, —— U.S. ——, 119 S.Ct. 1377, 143 L.Ed.2d 535 (1999). However, it is unclear whether such pre-petition proceedings constitute an application sufficient to meet the AEDPA's one-year deadline, because *Kelly* decided only whether the AEDPA applied, not whether the petition was timely under § 2244(d)(1).

■ The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. *See Bowen v. Roe*, 188 F.3d 1157, 1158 (9th Cir.1999). As the Eighth Circuit has said: "[T]he running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time

allotted for filing a petition for the writ." *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir.1998), *cert. denied*, —— U.S. ——, 119 S.Ct. 1133, 143 L.Ed.2d 126 (1999).

■ The running of the limitation period is tolled under § 2244(d)(2) for the time period during which a properly filed application for post-conviction or other collateral review is pending in state court. *See Dictado v. Ducharme*, 189 F.3d 889, 891 (9th Cir.1999); *Reyes v. Keane*, 90 F.3d 676, 678 (2d Cir.1996); *Hughes v. Irvin*, 967 F.Supp. 775, 778 (E.D.N.Y.1997); *Valentine v. Senkowski*, 966 F.Supp. 239, 240–41 (S.D.N.Y.1997); *Flowers v. Hanks*, 941 F.Supp. 765, 770 n. 4 (N.D.Ind.1996). An application for collateral review is "pending" in state court for " 'all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.' " *Nino v. Galaza*, 183 F.3d 1003, 1005 (9th Cir.1999) (quoting *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir.1999)). In California, this means that the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge. *See id.* at 1005.[3] [4]

■ The one-year limitation period also can be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar. *See Calderon v. District Court (Beeler)*, 128 F.3d 1283, 1288

---

**3.** In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. *See Nino,* at 1006 n. 2. Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. *See id.* If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. *See id.* at 1006 n. 3.

**4.** The *Nino* panel raised without deciding the question of whether a petitioner is "properly

pursuing" his state collateral remedies and tolling therefore should apply if the California state courts (1) dismissed a petition as untimely because the petitioner engaged in substantial delay in asserting his habeas claims or (2) determined the petitioner had not been properly pursuing his state post-conviction remedies, such as by filing successive petitions. *See id.* at 1007 n. 4. A subsequent panel appears to have answered the question in the negative. *See Dictado v. Ducharme,* 189 F.3d 889, 890–91 (9th Cir.1999) (pendency of procedurally rejected petition in Washington state court did not toll one-year statute of limitation under § 2244(d)(2)).

(9th Cir.1997). Equitable tolling will not be available in most cases, however, because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Id.* (citation and internal quotation marks omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999); *see, e.g., id.* at 1107 (equitable tolling applies when prison authorities fail to follow prisoner's request to draw filing fee for habeas petition from his trust account and mail it with petition to district court for filing); *Kelly,* 163 F.3d at 541–42 (prisoner entitled to equitable tolling due to earlier court-ordered stay of habeas proceedings, alleged mental incompetency, and existence of timely habeas proceedings pending at one time that were mistakenly dismissed); *Beeler,* 128 F.3d at 1289 (withdrawal of attorney who was aiding putative habeas petitioner to prepare petition and whose work product was not usable by replacement attorney qualified as extraordinary circumstances which justified tolling statute of limitations); *cf. Lopez v. INS,* 184 F.3d 1097, 1098–99 (9th Cir.1999) (where petition is filed late due to fraud perpetrated on petitioner statute of limitations is equitably tolled until the date the fraud is discovered; this equitable doctrine is read into every federal statute of limitations).

## III. DISCUSSION

Petitioner requests that the one-year deadline for filing the petition for writ of habeas corpus be equitably tolled for one year from the date counsel was appointed in order to permit counsel to prepare and file a proper petition in this case. If this request were granted, Petitioner's petition would be due on or before July 25, 2000. Petitioner argues that such tolling should be permitted in this case because he timely requested the appointment of counsel, and the delay in locating and appointing such counsel, which occurred from October 9, 1998 until July 26, 1999, constitutes an "extraordinary circumstance beyond his control".

Petitioner argues that the filing of a motion for appointment of counsel can justify tolling the statutory period until the motion is acted upon. *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 149, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (*citing Harris v. Walgreen's Distribution Center,* 456 F.2d 588 (6th Cir.1972)). Petitioner asserts that whether equitable tolling is appropriate may be determined by considering: (1) the diligence demonstrated by petitioner; (2) notice to respondent of the pending claims such that he has the opportunity to preserve relevant evidence; (3) the lack of prejudice to respondent by the passage of additional time, and; (4) whether tolling is consistent with the general purpose of the statutory scheme under which the relief is sought. *Bradford v. Calderon,* CV 98–6453 RSWL at pp. 3–4 (C.D.Cal. May 5, 1999) (*citing Valenzuela v. Kraft, Inc.,* 801 F.2d 1170, 1175 (9th Cir.1986)). He points out that the consideration of each of these factors weighs in his favor.

Respondent argues that the present motion is premature and must be denied because it fails to establish that "extraordinary circumstances beyond Petitioner's control" prevent him from filing a timely petition. Respondent points out that the statutory time does not expire until November 3, 1999. At least in theory, counsel could prepare a petition prior to that date. If counsel cannot do so, Respondent argues that the proper course of relief is for counsel to file a noticed motion which documents his efforts in the case to date and establishes the need for additional time to complete specific tasks necessary to file a federal petition.

Respondent correctly points out that the cases relied upon by Petitioner to support his argument that the filing of a motion for appointment of counsel tolls the statute of limitations dealt with other statutes and situations and not capital habeas cases

filed subsequent to the effective date of the AEDPA. Respondent properly contends that the present motion must be considered within the framework of the habeas statutes as they exist now in light of the AEDPA. *See, Lonchar v. Thomas,* 517 U.S. 314, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996).

 As the cases cited above discuss, equitable tolling is rarely granted and is available only in those cases in which "extraordinary circumstances beyond a prisoner's control" exist. While it is certainly the case that it was "beyond the control of Petitioner" that it took from October 1998 until July 1999 to locate counsel to represent him in this case, there has been no factual showing made by Mr. Giannini to date as to why the petition could not be prepared between July 26, 1999 and November 3, 1999. Although the moving papers note that the Reporter's and Clerk's Transcripts total approximately 7,400 pages and that reading, legal research and writing time will be necessary to prepare an adequate petition, no specific estimates are provided as to the approximate length of time each task will take.[5]

## IV. CONCLUSION

Based on its review of the cases in this area, and keeping in mind the fundamental policy objectives of the AEDPA, the Court finds that Petitioner's motion is premature. The Court finds that, based on the record before it, there is an insufficient basis for concluding that circumstances beyond the control of Petitioner prevent him from filing a timely federal petition. If, after reviewing the entire record in this case, Petitioner's counsel finds that he is unable to file a proper and timely petition by November 3, 1999, then counsel should file an appropriate motion to extend the time limitations set forth in the AEDPA. Such motion should document with particularity

counsel's efforts and work completed to that date and provide reasonable estimates as to the amount of time counsel believes will be required to complete the tasks necessary to file the federal petition. For these reasons, Petitioner's motion to extend the filing date for his petition for writ of habeas corpus and tolling the one-year limitation period is denied without prejudice.

---

5. The Court recognizes that as a practical matter, preparation of an adequate federal habeas petition in a capital case often requires many months. However, in light of the clear policy mandate of the AEDPA, the Court declines to adopt a general rule that *every* such petition requires up to one year to prepare. The present motion suffers not from a faulty premise that tolling *might* be available but from a lack of specific, particularized facts which would make tolling appropriate in this case.