Robert Andrew **LOOKINGBILL,**
Petitioner,

v.

Gary L. **JOHNSON, Director of the Texas Department of Criminal Justice, Institutional Division Respondent.**

No. CIV.A. M–99–216.

United States District Court,
S.D. Texas,
McAllen Division.

Aug. 25, 2000.

**426**

Richard Bruce Gould, Assistant Federal Public Defender, Larry Warner, Brownsville, TX, David Kenneth Sergi, San Marcos, TX, for Petitioner.

Margaret P. Griffey, Office of Attorney General, Austin, TX, Katherine D. Hays, Office of Attorney General, John Cornyn Attorney General, Austin, TX, for Respondent.

### MEMORANDUM AND ORDER

VELA, District Judge.

Petitioner Robert Andrew Lookingbill, a state prisoner who was convicted of capital murder and is proceeding with appointed counsel, filed a petition for Post–Conviction Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Doc. # 1. Lookingbill raises thirty-seven grounds for relief.

Pending before the court is respondent's motion for summary judgment (Doc. # 8), Lookingbill's motion for summary judgment (Doc. # 10), and Lookingbill's request for an evidentiary hearing (Doc. # 10). After considering the arguments of counsel, the pleadings in this case, and the applicable law, the undersigned concludes that Lookingbill has failed to comply with the applicable statute of limitations. For the reasons outlined below, this Court orders that respondent's motion for summary judgment be granted, that Lookingbill's motion for summary judgment be denied, and that Lookingbill's request for evidentiary hearing be denied. This Court also orders that Lookingbill's petition for post-conviction relief be dismissed.

### I. BACKGROUND

For the purposes of the motion before the Court, it is unnecessary to extensively summarize the underlying facts of this case. On February 15, 1990, Lookingbill was indicted in the 139th Judicial District Court for Hidalgo County, Texas. He was charged with capital murder under Tex. Penal Code Ann. § 19.03(a)(2) for the homicide of his grandmother in the course of a robbery. Two special issues were submitted to the jury pursuant to Tex. Crim. P. Art. 37.071. The jury returned an answer of "yes" to whether there was a probability that Lookingbill would commit acts of violence in the future that would pose a continuing threat to society and whether the crime was committed deliber-

ately. The jury also found that there were no mitigating circumstances that would warrant a sentence of life imprisonment rather than the death penalty. The trial court then sentenced Lookingbill to death.

Lookingbill appealed his conviction to the Texas Court of Criminal Appeals. On April 6, 1994, the Court of Criminal Appeals of Texas affirmed his conviction in an unpublished opinion. Lookingbill apparently did not petition the United States Supreme Court for certiorari.[1] Lookingbill did, however, file a motion for rehearing in the Texas Court of Criminal Appeals. His motion for rehearing was denied on September 12, 1994.

On November 22, 1996, Lookingbill was appointed counsel for his state post-conviction proceedings. On April 21, 1997, Lookingbill filed a skeletal state writ of habeas corpus.[2] The state habeas court entered findings of fact and conclusions of law recommending that Lookingbill's petition be dismissed. On March 4, 1998, the Texas Court of Criminal Appeals denied Lookingbill's writ without issuing a written order. Lookingbill sought a rehearing, and his motion for rehearing was denied on December 16, 1998.

Lookingbill filed a motion to proceed *in forma pauperis* and a motion for appointment of counsel in federal court on May 19, 1998, during the pendency of his state-court motion for reconsideration. Lookingbill then filed these motions again on December 23, 1998. On February 3, 1999, the District Court granted Lookingbill's motion to proceed *in forma pauperis* and motion for appointment of counsel. The District Court also granted a stay of execution on that date. Lookingbill filed the instant petition on July 23, 1999.

Respondent moved for summary judgment, contending that Lookingbill's federal petition should be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d)'s one-year period to file for federal relief. Conceding that the time that Lookingbill's petition was pending in the state court tolled the limitations period, respondent argues that the filing of the federal application occurred well outside the one-year period. Respondent seeks summary judgment on this ground and dismissal of the case.

Lookingbill opposes the motion for summary judgment, arguing that the motion for rehearing filed in the Texas Court of Criminal Appeals after the denial of his habeas writ tolled the limitations period until after the motion's denial. Moreover, Lookingbill contends that the period of pendency for his motion for appointment of counsel prior to the filing of his federal petition should also toll the limitations period. Lookingbill also argues that the doctrine of equitable tolling should prevent the dismissal of his petition.

## II. ANALYSIS

### A. Limitations Period Under the AEDPA

Respondent seeks dismissal of Lookingbill's federal habeas petition, contending that it was not filed within the applicable limitations period set forth in the Anti-Terrorism and Effective Death Penalty

---

1. The Texas Court of Criminal Appeals, however, did grant a motion to stay issuance of the mandate until September 6, 1994, to allow Lookingbill to petition the Supreme Court.

2. Lookingbill filed this application in order "to preserve [his] right to file a timely petition for writ of habeas corpus in federal court should his forthcoming petition for state habeas relief be denied." Doc. # 11, ex. D. Lookingbill also noted that such action was necessary in light of "the uncertainty surrounding the interpretation of the new statute of limitations contained in the federal habeas statute." *Id.* His state petition was later supplemented on August 20, 1997.

Act ("AEDPA"). Prior to the AEDPA's enactment in 1996, "a prisoner faced no strict time constraints" on seeking federal habeas corpus relief. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir.1999); *see also Davis v. Johnson,* 158 F.3d 806, 809 n. 4 (5th Cir.1998), *cert. denied,* 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). The "AEDPA establishes, for the first time, an explicit limitation period for state prisoners filing federal habeas petitions." *Fisher v. Johnson,* 174 F.3d 710, 711 (5th Cir.1999)(citing *Lonchar v. Thomas,* 517 U.S. 314, 327, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996)). The AEDPA, which became effective April 24, 1996, "enacted a one-year period of limitation for federal habeas proceedings that runs, unless tolled, from the date on which the petitioner's conviction became final at the conclusion of direct review or during the pendency of a 'properly filed application for State post-conviction or other collateral review.' " *Cantu–Tzin v. Johnson,* 162 F.3d 295, 298 (5th Cir.1998)(quoting 28 U.S.C. § 2244(d)(1)(A),(d)(2)), *cert. denied,* 525 U.S. 1091, 119 S.Ct. 847, 142 L.Ed.2d 701 (1999). The AEDPA's statute of limitations applies to all habeas petitions filed after the Act's effective date. *See Kiser v. Johnson,* 163 F.3d 326, 327 (5th Cir.1999); *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Respondent has moved for summary judgment on the ground that Lookingbill's action is barred by the one-year limitations period found in 28 U.S.C. § 2244(d).[3]

Because Lookingbill's state court conviction became final prior to April 24, 1996, he had a one-year grace period until April 24, 1997, to file an application for federal habeas relief. *See Flanagan v. Johnson,* 154 F.3d 196, 200–02 (5th Cir.1998). However, "[t]he Texas Attorney General's office agreed in a class action settlement to toll the time from request until appointment of state habeas counsel in the Texas Court of Criminal Appeals, for petitioners like [Lookingbill] who did not have a state writ of habeas corpus pending on December 2, 1996." *Cantu–Tzin,* 162 F.3d at 298 (citing *Pyles v. Morales,* No. 396–CV–2838–D (N.D.Tex. Dec. 2, 1996)(Agreed Order of Dismissal Without Prejudice)). On November 22, 1996, Lookingbill was appointed counsel to proceed in his state court habeas action. It is undisputed by the parties that the limitations period began to run on that date. Since petitioner did not file his federal petition until July 23, 1999, it is barred by § 2244(d) unless petitioner is entitled to toll the limitations period.[4]

---

3. Section 2244(d) provides:

(d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

4. As this action was filed well after the date the AEDPA came into effect, the AEDPA unquestionably governs this case. *See Nobles v.*

Pursuant to § 2244(d)(2), the one-year limitations period is tolled while a properly filed application for state post-conviction relief is pending. On April 21, 1997, Lookingbill filed his state court habeas action. The parties do not dispute that the time period between the appointment of counsel and the filing of his state habeas action was not tolled as understood by § 2244. Accordingly, the limitations period ran a total of one-hundred and fifty days during that time.

Both parties agree that the limitations period was tolled between the filing of the state habeas action and the denial of his writ by the Texas Court of Criminal Appeals on March 4, 1998. Respondent, however, contends that the entire period of time between the denial of the writ and the filing of Lookingbill's habeas petition on July 23, 1999, should count toward the limitations period. According to this theory, four-hundred and ninety-eight days transpired between the finality of Lookingbill's state court proceedings and the filing of Lookingbill's federal petition. Under this reasoning, Lookingbill's petition is untimely and should be dismissed.

Lookingbill, however, points to two superceding events that he argues should toll the limitations period. On March 12, 1998, Lookingbill filed a motion to reconsider in the Texas Court of Criminal Appeals.[5] This motion was denied on December 16, 1998. Lookingbill contends that during this period, his properly-filed application for post-conviction review was pending and thus the limitations period should be tolled.[6]

Lookingbill also argues that his motion for appointment of counsel tolls the limitation period. On May 19, 1998, while his motion to reconsider the state-writ proceedings was still pending, Lookingbill filed a motion to proceed *in forma pauperis* and motion for appointment of counsel in this case. Lookingbill did not file a federal petition at that time. On February 3, 1999, the federal court appointed Lookingbill counsel, and on July, 23, 1999, Lookingbill filed his federal petition. Lookingbill argues that the time period during the pendency of his motion for appointment of counsel in federal court should toll his federal petition.[7] Thus, according to his argument, the limitations

*Johnson*, 127 F.3d 409, 415 (5th Cir.1997)(holding that the AEDPA applies to petitions filed after the AEDPA's effective date), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). To the extent that in his reply to the summary judgment motion Lookingbill argues that the application of the AEDPA to him violates several constitutional provisions, *see* Doc. # 10 at p. 6. Lookingbill has failed to provide this Court with any authority that would question the constitutionality of the AEDPA in this case.

5. It should be noted that a twelve-day period occurred between the Texas state court decision and the filing of Lookingbill's motion to reconsider. Because of the unique factual scenario of this case, this Court finds it unnecessary to address the applicability of § 2244's tolling provisions to that time period. The twelve-day period is not determinative to the outcome of this case.

6. Under this theory, and exclusive of the second advanced by Lookingbill, two-hundred and thirty days transpired between the denial of reconsideration and the ultimate filing of his federal petition. When combined with the one-hundred and fifty days that occurred before the filing of his state post-conviction action, his federal petition would still be untimely. To succeed on this action, therefore, tolling must have occurred both during the time during the pendency of his motion for reconsideration and his federal request for counsel. While the Court will address the tolling issue during the motion for rehearing, its ultimate disposition alone is not dispositive in this case.

7. Interestingly, Lookingbill does not contest the fact that the limitations period ran from the appointment of counsel until the filing of his petition, a period of one-hundred and seventy days.

period did not expire and this petition would be timely.

The Court will consider the parties' theories in turn.

### 1. Tolling During Motion for Rehearing

■ Lookingbill argues that the period of time between the denial of state habeas relief and the denial of his motion for rehearing should be tolled. Lookingbill argues that this time should be tolled as part of his "properly filed application." Respondent, in turn, contends that the pendency of Lookingbill's motion for rehearing should run the statute of limitations. Therefore, "[t]he issue in this case is when [Lookingbill] ceased to have a 'properly-filed application for state post-conviction ... review ... pending.'" *Williams v. Cain*, 217 F.3d 303, 305(5th Cir.2000)(quoting § 2244(d)(2)).

### A. Properly Filed Application

■ Section 2244(d) provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review ... is pending shall not be counted toward any period of limitation ...." "The time from when [a petitioner] properly filed his state application until it was denied does not count against the limitations period." *Fisher*, 174 F.3d at 712. "The majority of courts that have considered the issue have concluded that 'a properly filed application is one submitted according to the state's procedural requirements, such as the rules governing notice and the time and place of filing.'" *Villegas v. Johnson*, 184 F.3d at 469 (quoting *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3rd Cir.1998)). The inquiry into whether a petition was properly filed does not focus on its merits, rather, a court must determine if the filing "conforms with a state's applicable procedural filing requirements." *Id.* at 470; *see also Habteselassie v. Novak*, 209 F.3d 1208, 1211 (10th Cir.2000)(stating that "affirmative defenses that preclude a court from granting relief on the merits, as opposed to pure filing requirements, require analysis in some manner of the substance of the claims set forth by the petitioner and do not prevent a motion from being 'properly filed' for purposes of § 2244(d)(2)").

Specifically, this Court looks to see if the action fulfills "the prerequisites that must be satisfied" before it may be considered for "some level of judicial review." *Villegas*, 184 F.3d at 470 n. 2; *see also Dilworth v. Johnson*, 215 F.3d 497, 501 (5th Cir.2000). In doing so, the Fifth Circuit traditionally interprets the "properly filed" language narrowly. *See Williams*, 217 F.3d at 307 n. 4 ("This court has adopted the 'narrow' view of the phrase 'properly filed application' in section 2244(d)(2), construing the phrase to require that the state post-conviction motion or petition comply with rules governing the time and place of filing. The majority of circuits follow this approach."); *Villegas*, 184 F.3d at 470 ("Without a clear sign of congressional intent, this court ought not derogate [the right to seek habeas corpus relief] by reaching for an overbroad interpretation."). This Court, therefore, will determine if Lookingbill "compl[ied] with all applicable procedural requirements" in order to toll the one-year statute of limitations for federal habeas corpus review. *Galindo v. Johnson*, 19 F.Supp.2d 697, 701 (W.D.Tex.1998).

Post-conviction proceedings have been held to be properly filed when the matter is accorded a degree of judicial review. *See Hall v. Cain*, 216 F.3d 518, 520 (5th Cir.2000)(finding petitions involving repetitive claims to be "'properly filed' in accordance with Louisiana law because a Louisiana state habeas court would have to review them to discern whether they actually were repetitive and thus not sub-

ject to review"); *Dilworth,* 215 F.3d at 501 (finding a successive petition to be properly filed because the application "was accorded some level of judicial review"). The Fifth Circuit cases that have analyzed the issue also find petitions to be properly filed even when procedurally barred if the state provides exceptions to the procedural bar so that a judicial determination is required. *See Smith v. Ward,* 209 F.3d 383, 385 (5th Cir.2000)(finding a successive petition to be properly filed as Louisiana would consider the merits of the application if it fits within narrowly defined exceptions); *Villegas,* 184 F.3d at 472 (finding a successive petition to be properly filed because the Texas courts "will accept the petition for filing and review the application to determine whether the statutory exceptions are met"). In essence, the Fifth Circuit cases have "emphasized that the phrase 'properly filed' required compliance with 'procedural filing requirements,' such as 'rules governing notice and the time and place of filing [as well as] requirement[s] that the petitioner obtain judicial authorization for the filing,' but did not include compliance with more complex state procedural doctrines, such as those relating to successive petitions." *Williams,* 217 F.3d at 307 (citing *Villegas,* 184 F.3d at 470 n. 2). The court will consider these principles as they relate to Lookingbill's claims.

## B. Texas Law

The Texas Rules of Appellate Procedure clearly prevent any motion for rehearing

to be filed in a habeas case. *See* Tex. Rule App. Proc. Rule 79.2(d)("A motion for rehearing an order that denies habeas corpus relief under Code of Criminal Procedure, articles 11.07 or 11.071, may not be filed. The Court may on its own initiative reconsider the case.").[8] On March 16, 1998, Lookingbill filed a "Motion for en banc reconsideration of denial of applicant's petition for writ of habeas corpus under article 11.071, V.A.C.C.P." Doc. # 10, ex. A. On December 21, 1999, the clerk of the Texas Court of Criminal Appeals sent the presiding judge of Lookingbill's convicting court that stated: "This is to advise that the Court has denied without written order motion for reconsideration on the court's own motion." Doc. # 10, ex. B.

Unlike prior cases decided under Fifth Circuit precedent, the Texas Rules of Appellate Procedure do not allow for exceptions to the prohibition against motions for rehearing. Instead, the Texas procedures completely bar the filing of such motions. The only instance in which rehearing is possible occurs with a *sua sponte* determination by that court.[9] Unlike cases dismissed after some minimal consideration on the merits, this truly is a case where the motion was not "submitted according to the state's procedural requirements." *Villegas,* 184 F.3d at 469; *see also Williams,* 217 F.3d at 308 (finding a motion to be improperly filed when "[t]he rule sets out no specific exceptions to, or exclusions from, [the] requirement"). A Texas state habeas court would not have to re-

---

8. Rule 79.2 became effective on September 1, 1997, well before petitioner filed his motion for rehearing.

9. This is evidenced by the fact that the Texas Court of Criminal Appeals denied Lookingbill's request-on their own motion and, apparently, *sua sponte. See* Doc. # 10, ex. B. This does not evince the same modicum of judicial review anticipated by the Fifth Circuit in con-

stituting a properly-filed petition. The mere "unrestricted residual discretion" on the part of the Texas Court of Criminal Appeals to hold a rehearing is insufficient to make Lookingbill's petition properly filed. *Williams,* 217 F.3d at 308. There "is no requirement in the rule" that the Texas court consider a motion for rehearing like that filed by Lookingbill. *Id.*

view the merits of petitioner's motion for rehearing; Texas procedure bars the filing of such a motion.

Respondent convincingly argues that this period was not tolled, and accordingly, that the limitations period would run on October 5, 1998.[10] While this Court is in agreement that the limitations period was not tolled, ultimately the result of this case properly focuses on the second issue, whether the motion for appointment of counsel tolled the statute of limitations.

### 2. Effect of Filing Motion for Appointment of Counsel

■ Lookingbill argues that the pendency of his motion for appointment in federal court acts to toll the limitations period because he was, at that point, proceeding without counsel. Lookingbill states that this result is required "in light of the Fifth Circuit's holdings in similar situations, and in light of the basic principle that in order for the provisions of the AEDPA to be fairly applied to habeas prisoners, the guiding hand of counsel must be provided at each stage of the proceedings." Doc. # 10 at 3.[11]

### A. Section 2244

Section 2244(d)(1) states that "[a] 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judg-

ment of a State court." Section 2244(d)(2) then states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation ...." Lookingbill has not demonstrated why the time during which his motion for appointment of counsel was pending in federal court should fall within the tolling provisions found in § 2244(d). This Court equally can find no case law to support the contention that the duration of pendency should toll the limitations period.

The majority of courts which have addressed the matter have ruled that the limitations period in § 2244 that specifies that the tolling will not run for a "properly filed application for State post-conviction or other collateral review" applies only to state court proceedings. *See Grooms v. Johnson*, 208 F.3d 488, 489 (5th Cir.1999)(recognizing that the word "state" in 2244 modifies both the phrase "post-conviction review" and "other collateral review"); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir.1999)(finding that § 2244 does not apply to petitions for certiorari after state habeas review), *cert. denied*, 529 U.S. 1099, 120 S.Ct. 1834, 146 L.Ed.2d 777 (2000); *Jones v. Morton*, 195 F.3d 153, 158 (3rd Cir.1999); *Rupert v. Johnson*, 83 F.Supp.2d 801, 804 (W.D.Tex.1998); *but*

10. It is worthy to note that Lookingbill apparently considered his motion to be properly filed. While he filed a motion for appointment of counsel in federal court during the pendency of his motion for reconsideration, he filed a second motion in federal court approximately a week after the state order. Lookingbill's subjective belief alone is insufficient to toll the period. *See Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir.2000)(stating that "mere ignorance of the law or of statutes of limitation is insufficient to warrant tolling").

11. As a preliminary matter, it should be noted that the cases cited by Lookingbill do not

relate to the specific question before the court; whether a motion for appointment of counsel tolls the limitations period. Lookingbill cites cases that underscore the importance of counsel in capital cases. This proposition is irrefutable. Yet the importance of counsel does not conclusively determine whether tolling occurred because of a lack of counsel. These cases do, however, punctuate the importance of counsel in federal habeas proceedings. This prophylactic right will be considered, as appropriate, in the section in the text that follows above relating to equitable tolling.

*see Walker v. Artuz,* 208 F.3d 357, 358 (2nd Cir.2000)(arriving at the opposite result). Section 2244 does not provide for tolling in federal court. Consequently, the tolling provisions of § 2244(d) do not provide Lookingbill relief.

## B. Necessity of a Petition

■ While not specifically argued by Lookingbill, respondent's reply argues, in the alternative, that the period of limitations in a § 2254 action is only terminated by filing the actual habeas petition, not by other preliminary motions.[12] The interests of justice require this Court to consider whether Lookingbill's petition was timely filed due to the submitted motions. The determination of this issue turns on § 2244(d)(1)—whether Lookingbill filed "an application for a writ of habeas corpus" within the relevant one-year period.

The plain language of the § 2244 anticipates the filing of a petition for federal relief. Moreover, § 2254 also contemplates the filing of an application for a writ of habeas corpus to begin a proceeding in federal court.[13] By their express terms, the habeas rules also only apply to "proce-

dure[s] in the United States district courts on applications under 28 U.S.C. § 2254." Rule 4 of the Rules Following § 2255, Rule 1(a). The statutory language of the AEDPA itself suggests that the filing of preliminary motions is insufficient to terminate the running of the statute of limitations. A petitioner must file a petition to end the limitations period.

Case law equally supports the contention that the application for writ of habeas corpus alone terminates the limitation period. In *Williams v. Cain,* 125 F.3d 269 (5th Cir.1997), *cert. denied,* 525 U.S. 859, 119 S.Ct. 144, 142 L.Ed.2d 116 (1998), the petitioner filed motions for appointment of counsel, to stay execution, and to proceed *in forma pauperis* the day before the effective date for the AEDPA. The petitioner then filed his actual petition for habeas corpus the day after the AEDPA became effective. In *Williams,* the court rejected the argument that filing of preliminary motions without the habeas petition initiated a habeas proceeding. *See id.* at 274. The Fifth Circuit held that "the relevant date for determining the applicability of the AEDPA to habeas corpus proceedings is the date that the actual habeas corpus petition is filed." *Id.*[14]

---

**12.** In other words, respondent counters any suggestion that the filing of a motion for appointment of counsel is sufficient to constitute the filing of a federal petition and end the running of the statute of limitation. As this argument supports this Court's conclusion, it will be discussed in the text that follows above.

**13.** *See, e.g.,* § 2254(a)("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."); (b)(1)("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that"); (a)(1)("In a proceeding instituted by an application for a writ of

habeas corpus by a person in custody pursuant to the judgment of a State court ...").

**14.** The Fifth Circuit in *Williams* and its progeny takes great pain in distinguishing the Supreme Court case of *McFarland v. Scott,* 512 U.S. 849, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994). In *McFarland,* the Court held that the filing of a motion for stay of execution combined with the motion for appointment of counsel constitute a "post-conviction proceeding" for the purposes of 21 U.S.C. § 848(q)(4)(B), which provided counsel for indigent habeas petitioners. The Fifth Circuit interpreted the *McFarland* provision to apply solely in the context of § 848(q)(4)(B), especially in light of the fact that *McFarland* was decided prior to the AEDPA. *See Cantu–Tzin,* 162 F.3d at 299 ("McFarland, which represents a judicial gloss on the appointment-of-counsel statute, should not impede application of a later-enacted limitation period on federal habeas relief."); *Nobles,* 127 F.3d at

Based on the *Williams* decision, the Fifth Circuit has elaborated that "[t]he date of a capital defendant's motion for appointment of counsel is therefore irrelevant to the question whether his case is 'pending' for purposes of ... the applicability of the AEDPA." *Nobles v. Johnson,* 127 F.3d 409, 414 (5th Cir.1997), *cert. denied,* 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). The Fifth Circuit has further noted that "[w]hile the delay occasioned by appointment of counsel and determining the application of the statute of limitations would marginally infringe the AEDPA limit, these delays fulfill a long-recognized exception to limitations statutes." *Cantu–Tzin,* 162 F.3d at 299. Thus, the motion to appoint an attorney should be considered, if at all, in the discussion of equitable tolling that follows.

Following the reasoning in Fifth Circuit case law it is clear that the filing of the actual petition begins a habeas case for the purposes of the AEDPA.[15] Consequently, Lookingbill's motion for appointment of counsel did not toll the limitations period.[16] As Lookingbill's petition is time barred according to the AEDPA, this Court can only consider the issues raised in this petition if equitable tolling mandates that these procedural defaults be overlooked.

### B. Equitable Tolling

■■■ The one-year limitations period of the AEDPA is a statute of limitations, not a jurisdictional bar. *See Davis,* 158 F.3d at 807. "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Lambert v. United States,* 44 F.3d 296, 298 (5th Cir. 1995) (citing *Burnett v. New York Cent. R.R. Co.,* 380 U.S. 424, 428, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965)). As such, the limitations period may be tolled in "rare and exceptional circumstances." *Davis,* 158 F.3d at 811. "Equitably tolling applies principally where the plaintiff is actively misled by the defendant about the cause of

409; *Williams,* 125 F.3d at 274. In fact, the Fifth Circuit has held that a broad reading of *McFarland* would be inconsistent with the enactment of the AEDPA. *See Cantu–Tzin,* 162 F.3d at 299. Indeed, the Fifth Circuit has held that *"McFarland* did not decide whether the filing of a motion to stay and to appoint counsel 'initiated a habeas corpus proceeding.' " *Williams,* 125 F.3d at 274. The majority of federal circuits that have addressed the issue have followed the Fifth Circuit's reasoning. *See, e.g., Moore v. Gibson,* 195 F.3d 1152, 1162 (10th Cir.), cert. denied, 530 U.S. 1208, 120 S.Ct. 2206, 147 L.Ed.2d 239 (2000); *Gosier v. Welborn,* 175 F.3d 504, 506 (7th Cir.),*cert. denied,* 528 U.S. 1006, 120 S.Ct. 502, 145 L.Ed.2d 387 (1999); *Williams v. Coyle,* 167 F.3d 1036, 1037–40 (6th Cir. 1999); *but see Calderon v. United States District Court,* 163 F.3d 530, 539–40 (9th Cir.1998)(finding that a habeas case begins with the appointment of counsel), *cert. denied,* 526 U.S. 1060, 119 S.Ct. 1377, 143 L.Ed.2d 535 (1999).

**15.** Two other federal district courts have considered the issue and have arrived at a similar conclusion. *See Dennis v. Woodford,* 65 F.Supp.2d 1093, 1097 (N.D.Cal.1999)(finding, in similar circumstances, an "insufficient basis for concluding that circumstances beyond the control of Petitioner prevent him from filing a timely federal petition"); *Moseley v. French,* 961 F.Supp. 889, 891 (M.D.N.C.1997)(finding that a motion for appointment of counsel "is not a part of the state post-conviction or collateral process exempted by 28 U.S.C. § 2244(d)(2)"), *abrogated on other grounds, Taylor v. Lee* 186 F.3d 557 (4th Cir.1999).

**16.** This Court notes the difference between the time when Lookingbill awaited counsel in his state-court proceeding and the time in which his motion to appoint counsel was pending in this Court. The limitations period was tolled in state court due to the Texas *Pyle* agreement, not due to tolling exceptions under § 2244. No such agreement exists in federal cases as it relates to the pendency of motions for appointment of counsel in federal court.

action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir.1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000). Equitable tolling must be done for extraordinary reasons, not merely excusable neglect. *See Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir.1996)(finding that a "garden variety claim of excusable neglect" does not support equitable tolling); *Miller v. New Jersey State Dept. of Corrections,* 145 F.3d 616, 618–19 (3rd Cir.1998)(characterizing the standard of extraordinariness as a step above "[m]ere excusable neglect"). Indeed, the Fifth Circuit has held that equitable tolling can only be employed when the circumstances necessitating the tolling are "on a par with the conditions listed in [28 U.S.C.] § 2244(d)." *Felder v. Johnson,* 204 F.3d 168, 172 (5th Cir.2000).

■ " 'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman,* 184 F.3d at 402 (quoting *Rashidi,* 96 F.3d at 128). For equitable tolling to apply, the applicant must diligently pursue habeas corpus relief under § 2254. *See Coleman,* 184 F.3d at 402. This Court, however, must be cautious not to apply the statute of limitations too harshly. *Fisher,* 174 F.3d at 713.

Lookingbill argues that equitable principles mandate that the limitations be tolled. Lookingbill points to the memorandum in support of his petition wherein he stated that his attorney needed substantial time to do adequate research and preparation for his petition. Moreover, Lookingbill contends that his federal habeas counsel had several other obligations that con-

sumed his time. Lookingbill argues that the failure to provide equitable tolling on these grounds would violate the Fifth, Sixth, Eighth, and Fourteenth Amendments.

Having concluded that the pendency of Lookingbill's motion for reconsideration in state court and motion to appoint counsel in federal court did not toll the limitations period, this Court finds that Lookingbill's petition needed to be filed by the expiration of the one-year period on October 5, 1998. Lookingbill's federal habeas counsel, however, was not appointed until February 3, 1999. Accordingly, any delay by Lookingbill's federal habeas counsel in filing the petition due to his busy schedule and the burdens of preparation are irrelevant—his inability to promptly file the petition occurred well after the running of the limitations period. Consequently, equitable tolling would not be appropriate for these circumstances that occurred after the completion of the limitations period.

At any rate, the hectic schedule of counsel is not sufficiently unusual to constitute grounds for equitable tolling. Operating under time constraints on federal cases are not unusual. Indeed, they may be considered part-and-parcel of an attorney's responsibilities. This Court would be hesitant to find that the schedule of an attorney would constitute "rare and unusual" circumstances that would excuse bringing at least a skeletal petition in a timely fashion.

■ It is evident from his preliminary state court application that Lookingbill was aware of the potential expiration of the limitations period. Lookingbill could have preserved his ability to file this petition had he filed at least a skeletal petition during the pendency of his motion to appoint counsel.[17] Lookingbill, nonetheless,

---

**17.** It should be noted that the fact that a petitioner may have had to file a preliminary petition without the aid of counsel itself is insufficient to toll the limitations period. *See Henderson v. Johnson,* 1 F.Supp.2d 650, 655 (N.D.Tex.1998).

chose not to do so.[18] As the Fifth Circuit has noted, " ' "equity is not intended for those who sleep on their rights." ' " *Coleman*, 184 F.3d at 403 (quoting *Fisher*, 174 F.3d at 715). Lookingbill simply has presented no "rare and exceptional circumstances" warranting equitable tolling.[19] Therefore, Lookingbill's filing deadline was October 5, 1998—a deadline he missed by more than nine months.

In sum, Lookingbill's petition is barred by the limitations period found in § 2244 and he is entitled to no relief. This Court does not approach this dismissal lightly; "[d]ismissal of a first federal habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar*, 517 U.S. at 324, 116 S.Ct. 1293. This Court, however, is bound by the temporal constrains of the AEDPA from affording Lookingbill relief in this case.

## C. Lookingbill's Motion for Summary Judgment and for Evidentiary Hearing

Lookingbill contends that summary judgement is appropriate in his favor as respondent has presented no evidence in opposition to the allegations contained in his petition. As the claims in Lookingbill's petition are barred by the statute of limitations, this Court may summarily deny Lookingbill's summary judgment motions.

Insofar as Lookingbill seeks an evidentiary hearing, a hearing is not warranted at this stage of the proceedings. Rule 8 of the Rules Following § 2254 states:

> If the petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and transcript and record of state court proceedings are filed, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require.

**18.** Even had Lookingbill been ignorant of the limitations period of the AEDPA it would not excuse his late filing. *Fisher*, 174 F.3d at 714 ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.").

**19.** It should be noted that the only basis Lookingbill advances for equitable tolling is the time constraints under which his counsel operated. Lookingbill does not argue that the fact that he was without an attorney until February 3, 1999, should equitably toll the period. While Lookingbill did not present this argument, in light of the seriousness of a dismissal, this Court should briefly address the matter. The dicta in *Cantu–Tzin* suggests that equitable tolling may be appropriate if the statute of limitations runs out while a motion for appointment of counsel is pending. *See Cantu–Tzin*, 162 F.3d at 299 ("While the delay occasioned by appointment of counsel and determining the application of the statute of limitations would marginally infringe the AEDPA limit, these delays fulfill a long-recog-

nized exception to limitations statutes."). Clearly, this result is mandated by the gravity of the effect of the limitations period on capital inmates and the importance, and guarantee, of counsel in such cases. Several factors, however, militate against this Court *sua sponte* tolling that period and allowing consideration of this petition. First, Lookingbill was well aware of the statute of limitations and failed to act to preserve his right in federal court. Second, while counsel in capital cases is mandatory, Lookingbill could have filed a *pro se* skeletal application. Also, this Court finds it significant that Lookingbill did not act in haste in filing his application even when appointed counsel. Most importantly, even if this Court were to equitably toll the period when the motion to appoint counsel was pending, equitably tolling the period from the May 19, 1998, filing until the February 3, 1999, appointment of counsel, when combined with this Court's other conclusions in this order, would have made the filing date expire on June 22, 1999, rendering his federal filing still untimely by over a month.

■ No evidentiary hearing is necessary as this Court has determined that Lookingbill's claims are barred by the limitations period.

### D. Certificate of Appealability

■ Lookingbill has not requested a Certificate of Appealability ("COA"), but this Court may determine whether he is entitled to one. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir.2000)("The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued."). A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir.1998); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir.1997)("[T]he district court should continue to review COA requests before the court of appeals does."). "A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir.1997).

■ A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." [20] 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir.1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differ-

ently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.2000). The Supreme Court has stated that

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district courts assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where ... the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). "The nature of the penalty in a capital case is a 'proper consideration in determining whether to issue a[COA], but the severity of the penalty does not in itself suffice to warrant the automatic issuing of a certificate.'" *Washington v. Johnson*, 90 F.3d 945, 949 (5th Cir.1996)(quoting *Barefoot*, 103 S.Ct. at 3394–95), *cert. denied*, 520 U.S. 1122, 117 S.Ct. 1259, 137 L.Ed.2d 338 (1997). Any doubts as to whether a COA

---

**20.** In Section 102 of the AEDPA, Congress amended 28 U.S.C. § 2253 to provide that a COA, rather than a certificate of probable cause ("CPC"), is the appropriate mechanism for allowing a habeas petitioner to appeal a final judgment from a federal district court. "The standard for obtaining a COA is the same as for a CPC." *Muniz v. Johnson*, 114 F.3d 43, 45 (5th Cir.1997); *Murphy v. Johnson*, 110 F.3d 10,11 (5th Cir.1997). However, "a COA, unlike a CPC, must 'indicate which specific issue of issues satisfy the showing required ....'" *Murphy*, 110 F.3d at 11 n. 1 (quoting 28 U.S.C. § 2253(c)(3)).

438

should issue must be resolved in Lookingbill's favor. *See Hernandez,* 213 F.3d at 248.

■ This Court has carefully and exhaustively considered this summary judgment motion. The Court concludes due to the complexity of the issues presented and their grave impact, however, that jurists of reason could find this Court's procedural ruling and the existence of a constitutional right to be debatable. *Slack,* 120 S.Ct. at 1604; *Hall,* 216 F.3d at 520 (2000)(finding that to "be granted a COA, [a petitioner] must show not only that reasonable jurists could find that his petition was timely, but also that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"). Moreover, this Court feels that the issues are "suitable enough to deserve encouragement to proceed further." *Hernandez,* 213 F.3d at 248. This Court concludes that Lookingbill is entitled to a certificate of appealability on the statute of limitations and availability of equitable tolling issues.

## III. CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment is granted, Lookingbill's motion for summary judgment is denied, and Lookingbill's motion for evidentiary hearing is denied. Additionally, Lookingbill's petition is dismissed. This Court, however, grants Lookingbill a certificate of appealability. The Court will issue a separate final judgment