Armando GUILLEN, Petitioner–
Appellant,

v.

Cal TERHUNE, Director, et al.,
Respondent–Appellant.

No. 00–56777.
D.C. No. CV–00–198–RT.

United States Court of Appeals,
Ninth Circuit.

Submitted July 10, 2001.*

Decided July 19, 2001.

* The panel unanimously finds this case suitable for decision without oral argument.    Fed. R.App. P. 34(a)(2).

**866**

Before RYMER and RAWLINSON, Circuit Judges, and POGUE, Judge.**

** Honorable Donald C. Pogue, Judge, United States Court of International Trade, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Guillen does not appeal the issue of the timeliness of his petition, absent equitable tolling. We note that this court's opinion in *Bunney v. Mitchell*, 249 F.3d 1188 (9th Cir. 2001), certified the following question to the California Supreme Court: "When is the summary denial of a petition for habeas corpus by the California Supreme Court 'final':

MEMORANDUM ***

█ Petitioner Guillen appeals the district court's order accepting and adopting the report and recommendation of the United States Magistrate Judge that Guillen's habeas corpus petition brought pursuant to 28 U.S.C. § 2254 be dismissed as time-barred,[1] and dismissing with prejudice the petition for habeas corpus. The district court's denial, on statute-of-limitation grounds, of a petition for writ of habeas corpus is reviewed de novo. *See Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir. 1999). This court also reviews de novo a district court's decision on the issue of equitable tolling.[2] *See id.*

DISCUSSION

█ The AEDPA limitations period may be subject to equitable tolling if " 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir.1997), *quoted and rev'd on other grounds in Calderon v. United States District Court (Kelly)*, 163 F.3d 530, 541 (9th Cir.1998) (en banc). However, "equitable tolling is unavailable in most cases." *Miles*, 187 F.3d at 1107; *see also Beeler*, 128 F.3d at 1289 (stating that the equitable tolling standard creates a "high hurdle").

when filed, 30 days after filing, or at some other time?"

2. This court also certified an additional issue of "[w]hether, in determining that the petition for writ of habeas corpus was time-barred, the district court properly found that Guillen's state conviction became final upon expiration of the time to seek review in the California Supreme Court as opposed to the date upon which the remittitur was issued." As admitted by Appellee Terhune, however, this is an issue that need not be decided, because, "[i]n this case, the same date applies to both events."

Petitioner Guillen asserts three extraordinary circumstances beyond his control that would entitle him to equitable tolling: first, notice of the California Supreme Court's denial of his habeas petition was delayed due to his incarceration; second, he reasonably delayed preparation of his state habeas petition because he believed that his appointed counsel was doing so; and, third, the prison's extreme limits on his access to the law library delayed preparation of the petition. We will address petitioner's claims in order.

■ Guillen asserts that he is entitled to equitable tolling for the period between February 23, 2000, when the California Supreme Court denied his petition, until the (unspecified) date on which he received the denial. In essence, petitioner argues for an extension of the "mailbox rule" articulated in *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), from the *sending* of court documents (i.e., a court document is deemed filed on the date it is mailed), to the *receipt* of court documents (i.e., a prisoner is deemed to have notice of a court document on the day it is received). Petitioner claims that he lacked other means of checking on the status of his state court petition, and that the delay in receiving notice of the state court denial was caused by the prison mail system. This, he asserts, was an external circumstance beyond his control.

■ We do not decide whether *Houston* may be extended in the manner suggested, because it is only "[w]hen external forces, rather than a petitioner's lack of diligence,

account for the failure to file a timely claim, [that] equitable tolling of the statute of limitations may be appropriate." *Miles*, 187 F.3d at 1107. As the magistrate judge pointed out, petitioner did not begin any research or make any other efforts with respect to seeking state habeas relief until nine months after the statute of limitations had begun to run. While the delay caused by the prison mail system may be an "external force," it did not "account for [Guillen's] failure to file a timely claim." That Guillen had so little time to file his federal petition following the denial of his state petition was a direct result of Guillen's failure to act diligently in filing the state petition. Thus, delayed notice of state court denial is not an "extraordinary" circumstance beyond Guillen's control, such as would entitle him to equitable tolling.[3]

■ Petitioner next asserts that he is entitled to equitable tolling for some (again, unspecified) period of time attributable to his court-appointed counsel's failure to either petition for review in the California Supreme Court or to timely inform petitioner that she was not seeking review. Petitioner claims that he knew he needed to exhaust his state remedies before filing a federal habeas petition, and that his failure to act during the first nine months of the limitations period was reasonable because he believed his counsel was petitioning the California Supreme Court for review. The record reflects that Guillen unsuccessfully attempted to communicate with his counsel about the status

---

**3.** We note that there is no indication in the record of when Guillen received notice of the denial of the petition, or whether he made any attempt to check on the status of his petition before he received the notice. *See Dennis v. Woodford*, 65 F.Supp.2d 1093, 1097 n. 5 (N.D.Cal.1999) (rejecting an equitable tolling claim for "lack of specific, particularized facts which would make tolling appropri-

ate in this case"). Guillen suggests that remand would be appropriate here, in order to allow him to make out the necessary specific, particularized facts of his claim. We disagree, because, given Guillen's lack of diligence, the circumstance of delayed notice of state court denial would not in any event entitle him to equitable tolling.

of the petition in April, June and September of 1999.

Even if petitioner originally had a reasonable belief that his counsel was pursuing exhaustion, petitioner's own lack of diligence in verifying this belief precludes equitable tolling in this case. *See Miles,* 187 F.3d at 1107. The time for filing review lapsed on December 20, 1998; Guillen made his first effort to contact his counsel in April, 1999. Not hearing from counsel, Guillen waited until June, and then again until September, before re-attempting to communicate with counsel. As put by the magistrate judge, "Petitioner simply allowed too many months to pass away without taking any action. Although the Court appreciates the difficulties facing prisoners representing themselves in habeas actions, Petitioner's situation, as alleged, does not evidence that there were any extraordinary circumstances beyond his control at work."

■ Finally, Guillen asserts that he is eligible for some (once again, unspecified) period of equitable tolling, because of restricted access to the prison's law library during the time he was preparing his state and federal habeas petitions. Due to institutional policies and prison lockdowns, Guillen claims that he had no more than one hour to ninety minutes per week to use library resources in preparing his petitions.

We agree that Guillen's ability to access the library was "beyond his control," but we cannot agree that prison library restrictions are "extraordinary" or made it "impossible to file a petition on time." Guillen does not suggest that his job was an extraordinary circumstance. And even assuming that he could not use the library during lockdowns, and that this was be-

yond his control, nothing in the record suggests that he nevertheless did not have sufficient time to file his petition. *See Allen v. Lewis,* 2001 WL 717021 (9th Cir. June 27, 2001) (no showing that extraordinary circumstance was the but-for and proximate cause of untimeliness); *cf. Whalem/Hunt v. Early,* 233 F.3d 1146 (9th Cir.2000) (en banc) (lack of legal materials and knowledge of limitations period may constitute impediment or extraordinary circumstance). Having failed to show that it was anything other than his own lack of diligence that made it impossible for Guillen to file his federal habeas petition on time, we agree with the district court that Guillen is not entitled to equitable tolling.[4] *Cf. Miles,* 187 F.3d at 1107 (finding that, *despite* petitioner's diligence, extraordinary actions of prison authorities made it impossible for the petition to be filed on time).

Because Guillen fails to present evidence of extraordinary circumstances beyond his control that would entitle him to equitable tolling, the district court's order denying his habeas corpus petition is AFFIRMED.

---

4. It is for this reason that remand is also inappropriate as to this claim, contrary to petitioner's suggestion.